SIGLER, APPELLANT, *v.* THE MASSACHUSETTS BONDING & INS. CO., APPELLEE.

(No. 3364—Decided April 3, 1941.)

*Mr. Scott A. Belden* and *Mr. Hobart Roby,* for appellant.

*Messrs. Gottwald, Hershey & Hatch,* for appellee.

WASHBURN, J. The E. O. Handy Co. operated under a real estate broker's license issued January 2, 1936, and Landon J. Sigler, appellant, being duly licensed as a real estate salesman of said broker, earned cer-

tain commissions arising out of such relationship, which came into the hands of the broker because of such relationship, and were not paid to Sigler. Sigler later recovered a judgment therefor against said broker.

During such relationship there was in force a bond of the broker, signed by the appellee, The Massachusetts Bonding and Insurance Co., as required by provisions of the law of Ohio (Section 6373-35, General Code). This bond was "conditioned upon the faithful observance of all the provisions" of Sections 6373-25 to 6373-51, General Code, and was further conditioned to "also indemnify any person who may be damaged by a failure * * * to conduct his business in accordance with the requirements" of said sections.

The section requiring said bond also provides that "*Any person* claiming to have been damaged * * * by reason of the violation of the terms of this act, may maintain an action at law against" such broker, "and may join as parties defendant the sureties" on such bond. (Italics ours.)

In one of the sections of said act (Section 6373-42, General Code), it is provided that the licensing board may revoke a license of a broker for "Failure within a reasonable time * * * to remit any moneys coming into his possession which belong to others."

That section constitutes a provision of the act making it a duty of the broker to remit such moneys to the persons to whom they belong.

Sigler, the appellant herein, who had obtained a judgment against said broker company for commission moneys which arose out of and came into its possession by reason of such relationship, brought an action against said bonding company, the appellee herein, upon its bond, for the moneys claimed to have been collected by the broker for appellant and not paid to appellant.

A jury was waived, and after trial the court made a very brief statement of facts and found that, as a matter of law, ''the relationship between the real estate salesman and the real estate broker is the relationship of an employee and employer and that it is therefore the relationship of creditor and debtor and that therefore the money coming into the possession of the broker is not impressed or identified as to any part thereof specifically belonging to the salesman, and that * * * the petition is therefore held to state facts *in*sufficient to constitute a cause of action and the action is dismissed.'' (Italics ours.)

The finding of the court was carried into the journal entry, and the cause has been submitted upon the pleadings and such finding without a bill of exceptions. Also, the bond that was given is not a part of the record; but as to that, it being a bond given in pursuance of a statute of Ohio, we are bound to conclude that the terms of the bond were at least such as are set forth in the statute.

A determination of just what the relation between a real estate salesman and a real estate broker is under the Real Estate Brokers' Law, depends very largely upon the construction given to the provisions of said law.

The act defines a ''real estate broker'' and a ''real estate salesman,'' and provides for the licensing of each of them. It also provides that a ''salesman's'' license shall not be issued without the recommendation of the ''broker'' with whom he is to be associated, and defines a ''salesman'' as one so ''associated with a licensed real estate broker.''

It also provides that a license shall not be issued to either of them unless the board is ''satisfied'' that he is ''honest, truthful, and of good reputation,'' and a bond is required only of the ''broker.''

It also provides that the ''salesman's'' license shall

be "mailed to and remain in the possession" of the broker with which he is "associated" and shall be prominently displayed in the office of such broker, that the revocation of the broker's license automatically suspends the salesman's license so "associated" with such broker, and that the salesman's license is terminated by the termination of the broker's license with whom the salesman is so associated.

Under the act a salesman who is associated with a broker on a commission basis is dependent upon the broker's honesty for his share of the commissions earned by him which comes into the possession of the broker. That share depends upon the agreement between them. In this case his compensation was a share of the commissions earned by him, and the trial court in its last finding of fact specifically found that the moneys which the broker failed to pay over to appellant were moneys due appellant as commissions on transactions by him, which the broker had collected in the course of its real estate business.

We are of the opinion that a salesman so associated with a broker under said act and working on a commission basis sustains a relationship to the broker other than that of a mere creditor, and that in any event where commission money belonging to the salesman, together with other money, comes into the possession of the broker by reason of such relationship, it is the duty of the broker under the provisions of said act to pay the share belonging to the salesman to him although, except as to amount, no specific part of the money can be identified as belonging to the salesman; such payment is required by the act regardless of what the relationship may be denominated, and lack of identification of the specific property belonging to the salesman is unimportant.

The provision in question relates to moneys coming into the broker's possession which belong to others

and contemplates that he will divide it in accordance with the rights of such others and remit to each his part thereof.

The provision plainly embraces and applies to the part of the moneys belonging to the seller, and surely the bond was for his protection, although a part of said moneys belonged to the salesman. A failure to remit to a salesman his part is a violation of the act the same as the failure to remit to a seller his part is a violation of the act, and the bond is specifically and in terms for the benefit of "Any person claiming to have been damaged * * * by reason of the violation of the terms" of the act.

The conditions which justified the legislature in determining that the business of real estate brokers should be regulated are indicated in Section 6373-42, General Code, of said act, and numbered 24 in all; and from a reading of them, and of the other various provisions of the act, it is apparent that the Legislature intended to require that such business should be conducted with honesty and integrity and in accordance with the provisions of the aforesaid section. To insure that such business should be so conducted, it required that brokers furnish a bond indemnifying "any person" for damages suffered by the operation of such business in violation of said act; and we can think of no good reason for concluding that the Legislature intended thereby that the seller or buyer of real estate through a real estate broker should be protected by the act, but that a salesman, operating in the business upon a commission basis, should not likewise be protected. The statute requires a bond to indemnify *any* person damaged by a violation of the act, and we know of no satisfactory reason for concluding that the Legislature did not mean what the plain words used by it do mean.

Taking into consideration all of the matters herein referred to, we are of the opinion that the trial judge was in error in determining as a matter of law that the relationship between appellant and the broker with whom he was associated under said act, was merely that of creditor and debtor, and that therefore appellant was not protected by the act.

We are further of the opinion that a part of the money which came into possession of the broker herein "belonged" to appellant within the meaning of paragraph 5 of Section 6373-42, General Code, of said act, and that the failure of the broker to pay the same to appellant was a violation of the act; further, that appellant was a "person" within the provisions of the act who was damaged by such violation, and that the appellee as bondsman of the broker is liable for such damage under its bond.

There being no dispute as to the facts or as to the damage suffered by the appellant, all as stated in the finding of the trial court, and being of the opinion that, upon said facts, appellant is entitled to a judgment against the appellee for $493.99, with interest from October 18, 1939, final judgment may be entered accordingly.

*Judgment reversed.*

STEVENS, J., concurs.

DOYLE, P. J., dissenting. I respectfully dissent from the conclusion of the majority of this court, for the sole reason that, in my opinion, the plaintiff, a statutory "associate" of the defendant broker, does not fall within the class of persons which the Legislature meant to protect when it enacted the Real Estate Brokers' Law and compelled the filing of a fidelity bond by the broker as a condition precedent to doing business.