**NATIONAL SURETY CORPORATION,**
**Plaintiff in Error,**

**v.**

**Roy KNEELAND, Defendant in Error.**

**No. 36809.**

Supreme Court of Oklahoma.

Nov. 15, 1955.

Rehearing Denied Dec. 13, 1955.

Application for Leave to File Second Petition for Rehearing Denied March 6, 1956.

Looney, Watts, Ross, Looney & Nichols, Oklahoma City, for plaintiff in error.

Hugh J. Adams, Guthrie, for defendant in error.

DAVISON, Justice.

On May 24, 1950, Roy Kneeland, a real estate broker, by written contract employed Frank Luczynski, a real estate salesman, to sell real estate for him on a commission basis. He was to receive fifty per cent of the commission on all sales made by him.

Roy Kneeland obtained a real estate broker's license authorizing him to engage in the business of a real estate broker and Frank Luczynski obtained a real estate

salesman's license authorizing him to engage in the business of real estate salesman as required by the Real Estate License Act of 1949, S.L.1949, page 406, 59 O.S. 1951 § 831 et seq. The licenses are required by sections 835 and 836 of said title. Section 839 of said title creates an Oklahoma Real Estate Commission, provides for the appointment of the commissioners and prescribes their duties. Section 848 thereof provides:

"Applications for licenses shall be in writing, on blanks furnished by the Commission, accompanied by such information and recommendations as it may require. The Commission shall issue to each licensee a license in such form as shall be prescribed by it.

"The Commission shall not issue any real estate broker's license or real estate salesmen's license until the applicant therefor has filed with the Commission a Surety Bond in the sum of One Thousand Dollars ($1,000.00) in a form and with sureties approved by the Commission which bond shall provide that the obligor therein will pay to the extent of One Thousand Dollars ($1,000.00) any judgment which may be recovered against such licensee for loss or damages arising from his activities as such a real estate salesman or real estate broker."

Section 850 of 59 O.S.1951 provides:

"The Commission may, upon its own motion, and shall upon written complaint filed by any person, investigate the business transactions of any real estate broker or real estate salesman, and shall have the power to suspend or revoke any license obtained by false or fraudulent representation, or if the licensee is performing or attempting to perform any of the following acts, or deemed to be guilty of:

\*  .  \*     \*     \*     \*     \*

"(f) Failing, within a reasonable time, to account for or to remit any moneys, valuable documents, or other property, coming into his possession, which belongs to others."

Luczynski upon obtaining his license as a real estate salesman executed a real es-

tate salesman's bond conditioned as provided by the above section of the statute with the National Surety Corporation as its surety.

The record discloses that Luczynski while in the employ of Kneeland and during the period covered by the bond collected and appropriated to his own use commissions belonging to Kneeland in excess of $1,000. Kneeland thereafter brought an action in accounting and for the recovery of commissions wrongfully appropriated against Luczynski in the district court of Logan County and in that action recovered judgment against him in the sum of $1,071.33, with interest thereon at six per cent until paid.

Kneeland, hereinafter referred to as plaintiff, being unable to collect his judgment against Luczynski brought suit on the bond against National Surety Company to recover the penalty fixed in the bond. The trial court in this action found:

"The Court finds from the evidence submitted in this case in support of the judgment, which is the basis of this action, that the plaintiff was entitled to one-half of the following commissions testified to: $500.00, $250.00, $250.00, and $200.00, making a total of $1200.00, one half of which is $600.00 and further finds from the evidence that plaintiff would be entitled to $474.92 for collections made by the principal that belonged to the plaintiff, in addition to these commissions. \* \* \*"

And upon such finding entered judgment on the bond in favor of plaintiff in the sum of $1,000.

Defendant appeals. It does not however contend that the evidence is insufficient to support the finding of the trial court. Its first contention is that it was the intention of the Legislature in enacting the Real Estate License Act to protect only the general public against the acts of real estate brokers and salesmen and not for the protection of real estate brokers against their salesmen and vice versa, and in support of this contention relies on Eberman v. Massachusetts Bonding and Ins. Co., D.C. Mun.App., 41 A.2d 844, 845. In that case

the court held that a salesman of a real estate broker who dealt with him as employer or business associate could not recover from surety on broker's bond the balance of commissions which the broker failed to pay to the salesman, since the act providing for bond to protect "any person aggrieved" by broker's conduct which constitutes fraudulent or dishonest dealings, limits recovery on bond to members of the public. In the further discussion of the case the court said:

> "The purpose and design of the Act primarily are, as stated in its title, 'to protect the public against fraud in real estate transactions.' The protection of the public interest is the basis for the exercise of the police power in the enactment of such a law. The bond required by the Act is, therefore, for the protection of the public, and the question here presented is whether a real estate salesman is within the general public intended to be protected by the Act and the bond given pursuant to it. The provisions of the Act must be construed in the light of the purpose of the Act and the evils it was designed to protect against. When the legislature enacts a statute regulating a business for the purpose of protecting the public against existing or potential evils in that business, those engaged in the business are not generally regarded as a part of that public. The public is protected against them and not they against their fellow businessmen."

It will thus be noted that the court arrived at its conclusion on the theory that it was the intention of the legislature in enacting the law as expressed in the title to limit it to protection of the general public and against the acts of brokers and salesmen. There is nothing contained in the title of our act or in the body thereof to indicate that the legislature of this state in enacting the law so intended to limit the Act. The language of the Act requiring a bond is very broad. It provides that a bond shall be given in the sum of $1,000, which bond shall provide that the obligor therein will pay to the extent of $1,000 *any*

judgment which may be recovered against such licensee for loss or damage arising from his *activities* as such real estate salesman or real estate broker and we think it covers the judgment rendered in favor of Kneeland against Luczynski for commissions collected and belonging to Kneeland. See, in this connection, Sigler v. Massachusetts Bonding & Ins. Co., 71 Ohio App. 425, 50 N.E.2d 390. In that case the court held:

> "Where money earned as commission by a 'real estate salesman' comes into the possession of the 'real estate broker' with whom he is associated under the provisions of Sections 6373–25 to 6373–51, General Code, the failure of the broker to account for or remit the same to such salesman within a reasonable time, constitutes a violation of said act, and the bondsman of the broker under the act is liable to such salesman for the damage caused to him by such violation."

In that case it appears that a real estate broker had collected certain commissions belonging to the real estate salesman and appropriated them to his own use and the salesman recovered a judgment therefor against the broker. The salesman then brought an action on the real estate broker's bond required to be given under the laws of that state, conditioned in some of its provisions quite similar to the conditions contained in the bond in this case.

The trial court in that case found that the relationship between the real estate salesman and the real estate broker is that of employer and employee and that it is therefore the relationship of debtor and creditor and that the money coming into the possession of the broker is not impressed or identified as to any part thereof specifically belonging to the salesman; that the petition therefore failed to state facts sufficient to constitute a cause of action, and sustained demurrer to the petition and dismissed the case. The court on appeal in reversing the judgment said:

> "We are of the opinion that a salesman so associated with a broker under said act and working on a commission basis sustains a relationship to the

broker other than that of a mere creditor, and that in any event where commission money belonging to the salesman, together with other money, comes into possession of the broker by reason of such relationship, it is the duty of the broker under the provisions of said act to pay the share belonging to the salesman to him although, except as to amount, no specific part of the money can be identified as belonging to the salesman; such payment is required by the act regardless of what the relationship may be denominated, and lack of identification of the specific property belonging to the salesman is unimportant.

\* \* \* \* \* \*

"We are further of the opinion that a part of the money which came into possession of the broker herein 'belonged' to appellant within the meaning of paragraph 5 of Section 6373-42, General Code, of said act, and that the failure of the broker to pay the same to appellant was a violation of the act; further, that appellant was a 'person' within the provisions of the act who was damaged by such violation, and that the appellee as bondsman of the broker is liable for such damage under its bond."

What is there said is applicable here. The failure of Luczynski to pay over to plaintiff the commissions collected and belonging to him constitutes a violation of the bond and the bondsman is liable to plaintiff for such violation.

Defendant further contends that the Sigler case above was impliedly overruled by the Supreme Court of Ohio in Stanson, Inc., v. McDonald, 147 Ohio St. 191, 70 N.E.2d 359, 169 A.L.R. 760. We have examined that case. The propositions raised and decided therein were not raised, discussed and decided in the Sigler case, supra. An entirely different proposition is there presented. There is nothing stated in the opinion in the Stanson case, supra, which indicates that the court intended to depart from the rule announced in the Sigler case, supra.

The further contention of defendant that since the evidence shows that the judgment in the accounting action was based on a running account which included a cash advance by plaintiff to Luczynski on future commissions, that judgment does not come within the coverage of the bond, under the finding of the court in this case, cannot be sustained. This contention has been decided adversely to defendant in the Sigler case, supra.

We conclude the trial court ruled correctly in holding that the defalcations of the real estate salesman Luczynski are covered by the terms of his real estate salesman's bond and in entering judgment on the bond in favor of plaintiff.

Judgment affirmed.

JOHNSON, C. J., and CORN, DAVISON, HALLEY, BLACKBIRD, JACKSON and HUNT, JJ., concur.

WILLIAMS, V. C. J., dissents.