Hanna Marie GILEWICZ, Appellant,

v.

HOME INDEMNITY COMPANY, Appellee.

No. 2312.

Municipal Court of Appeals for the
District of Columbia.

Argued Jan. 12, 1959.

Decided May 1, 1959.

Robert L. Harmon, Washington, D. C.,
with whom Daniel L. Gribbon, Washington,
D. C., was on the brief, for appellant.

William J. Donnelly, Jr., Washington, D.
C., with whom Richard W. Galiher and
William E. Stewart, Jr., Washington, D. C.,
were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD
and QUINN, Associate Judges.

ROVER, Chief Judge.

The complaint alleged that appellant is a
licensed real-estate salesman both in the
District of Columbia and in Maryland; she
was employed as such by one W. B. Wright,
who was a licensed real-estate broker in
both jurisdictions; that under the terms of
her employment she was entitled to a com-
mission on all sales of real estate consum-
mated by her on his behalf; that as a re-
sult of her efforts she effected the sale of
certain real property for him located in
Maryland; that Wright paid her a portion
of the commission due her because of this
sale and upon his refusal to settle for the
balance she secured judgment against him
in the Municipal Court.

Appellant further alleged that appellee
was surety on the real-estate broker's bonds
of Wright in both jurisdictions and that as
the latter had failed to satisfy her claim
she was entitled to recover the amount of
the judgment from appellee as surety.

The court granted appellee's motion for judgment on the pleadings pursuant to the provisions of Municipal Court Rule 12(c). Appellant contends here that she was entitled to prevail either under the provisions of D.C.Code 1951, § 45–1405 or Article 56, Section 217(b) of the Maryland Code. We do not agree.

Both statutes require that real-estate brokers, before being licensed, shall furnish a corporate bond. The pertinent provisions of the two statutes are set forth below.[1] The question we are called upon to decide is whether, under the circumstances here, appellant is either a "person aggrieved" under the District statute or a member of the "public" under the Maryland law.

We think the non-applicability of the local statute to appellant is answered by our decision in Eberman v. Massachusetts Bonding & Ins. Co., D.C.Mun.App., 41 A. 2d 844. The facts in that case are strikingly similar to the facts here. Eberman, a licensed real-estate salesman, was employed by a licensed real-estate broker; he negotiated certain sales of real estate for which he was entitled to commissions from the broker; the latter failed to pay the entire amount due and was thereafter adjudicated a bankrupt. Eberman sued the surety on the broker's bond for the balance of the commissions due. In deciding for the surety, we said:

"The purpose and design of the [Real Estate License] Act primarily are, as stated in its title, 'to protect the public against fraud in real-estate transactions.' [Citations omitted.] The protection of the public interest is the basis for the exercise of the police power in the enactment of such a law. [Citations omitted.] The bond required by the Act is, therefore, for the protection of the public, and the question here presented is whether a real estate salesman is within the general public intended to be protected by the Act and the bond given pursuant to it. The provisions of the Act must be construed in the light of the purpose of the Act and the evils it was designed to protect against. When the legislature enacts a statute regulating a business for the purpose of protecting the public against existing or potential evils in that business, those engaged in the business are not generally regarded as a part of that public. *The public is protected against them and not they against their fellow businessmen.*" (Emphasis supplied.) [2]

The only Maryland decision we have been referred to is Century Indemnity Company v. State of Maryland, D.C.Md., 144 F.Supp. 671; our independent research discloses no others. While in that case the court allowed recovery against the surety on the real-estate broker's bond in favor of other brokers, we feel, for the reasons hereafter stated, that the decision does not support appellant's position. In Century, Bowman, a licensed real-estate broker under the Maryland Act, received a cash deposit from the purchaser of certain real estate; the

---

1. D.C.Code 1951, § 45–1405: "Every application for a license shall be accompanied by a bond in the sum of $2,500 in the case of a broker * * * running to the District of Columbia executed by a surety company duly authorized to do business in the District of Columbia * * *. Said bond shall be in form approved by the [Real Estate] Commission, and conditioned that the applicant shall conduct himself and his business in accordance with the requirements of this chapter; and for his failure so to do *any person aggrieved* thereby shall have,

in addition to his right of action against the principal thereof, a right to bring suit against the surety on said bond * * *." (Emphasis supplied.)

Annotated Code of Maryland 1957, Art. 56, § 217(b): "* * * every licensed real estate broker shall provide a corporate bond in the sum of $5,000 * * * *for the use and benefit of the public* who may suffer or sustain any loss by reason of a violation of this subtitle by such brokers * * *." (Emphasis supplied.)

2. 41 A.2d at pages 845–846.

sale was effected by him in cooperation with Sigler & Megary, Inc., a cooperating broker. Under the circumstances of the transaction, the Sigler firm was entitled to a share of the commission which was payable by the seller. When the deal was closed the commission owing by the seller was more than the amount of the deposit; the seller paid the overage to the Sigler firm; Bowman failed to account to Sigler for its share. Sigler, as well as other brokers who claimed a share of the commission under the Multiple Listing Contract procedure of Baltimore City, filed an action against the surety company for a declaratory judgment and relief in the nature of a bill of interpleader to determine the respective rights of the claimants. In deciding that the surety company was liable on the bond to the claimants, Judge Thomsen said:

"I do not believe that the Maryland legislature intended that every dispute between brokers with respect to the division of commissions should justify an action on the bond. But it is not necessary in this case to decide whether the surety would be liable to another broker in every conceivable situation or even in the ordinary situation. This case must be decided on its own facts. * * * *This is not an action at law on the bond, but an equity proceeding, where the court has broad and flexible powers to prevent circuity of action.* Under the facts and circumstances of this case, the sellers' equitable interest in the deposit, which was clearly within the purview of the statute, was transferred at the time of the settlement to Sigler & Megary, Inc. to the extent of the balance of its share of the commission, so that the deposit retained by Bowman is now impressed with a trust in favor of Sigler & Megary, Inc. to the extent of such balance. If such an equitable transfer were not recognized, Sigler & Megary, Inc. would still have a claim against the sellers, which, if paid by the sellers,

would entitle them to a claim under the bond; *to avoid circuity of action,* that claim should be allowed and paid to Sigler & Megary, Inc. in this case." [3] (Emphasis supplied.)

We think it obvious that the Maryland court's decision constitutes no authority in support of appellant's claim on the Maryland bond. Applying the Eberman ruling then, it seems quite clear that appellant here would neither be a "person aggrieved" under the local statute nor a member of the "public" under the Maryland enactment and is therefore not protected by the provisions of either statute. We accordingly rule that appellant is not entitled to recover on either bond.

Affirmed.