KANNER, Judge.
The registration of John W. Shelton as a real estate broker was suspended by the Florida Real Estate Commission for a period of thirty days, the period of suspension to commence and run concurrently *712 with another order entered against him by the commission. This penalty emanated from Shelton’s refusal to return upon demand certain deposit money received under contract for purchase of real estate. Shelton has instituted this certiorari proceeding for review of the order of suspension.
It is provided under section 475.25(1) (c), Florida Statutes, F.S.A., that the Florida Real Estate Commission may suspend a registered broker for a period not exceeding two years upon a finding of fact that he has “Failed to account or deliver to any person any personal property such as money, fund, deposit, check, draft, * * which has come into his hands, and which is not his property, or which he is not in law or equity entitled to retain, under the circumstances, * * * upon demand of the person entitled to such accounting and delivery; provided, however, that, if the registrant shall, in good faith, entertain doubt as to his duty to account and deliver said property, or as to what person is entitled to the accounting and delivery, or if conflicting demands therefor shall have been made upon him, * * * he may notify the commission promptly, truthfully stating the facts, and ask its advice thereon, or after notice thereof to the commission, shall promptly submit the issue to arbitration by agreement of all parties, or interplead the parties, or otherwise seek an adjudication of the question, in a proper court, and shall abide, or offer to perform, the advice of the commission or the orders of the court, or arbitrators, no information against him shall be permitted to be maintained; * *
The statutes regulating the activities of real estate brokers in their business were designed for the protection of the public and the safeguarding of persons who deposit their money and place their trust in the hands of real estate brokers. Ahern v. Florida Real Estate Commission, 1942, 149 Fla. 706, 6 So.2d 857; and Shelton v. Florida Real Estate Commission, Fla.App.1960, 120 So.2d 191. A disciplinary proceeding authorized under Chapter 475 against a real estate broker is a matter of public interest and should be dealt with as such rather than as a controversy between private individuals. Curry v. Shields, Fla.1952, 61 So.2d 326. These principles have resulted from the privileged position occupied by real estate brokers and the monopoly they enjoy to engage in a lucrative business. See Zichlin v. Dill, 1946, 157 Fla. 96, 25 So.2d 4; and Chisman v. Moylan, Fla.App.1958, 105 So.2d 186.
In the present case, the charge arose from a real estate transaction negotiated by Shelton as broker with a Mr. and Mrs. Keyes as buyers and B C C Corporation as the seller. A $300 deposit was made by the buyers, but the contract was not consummated for the reason that Mr. and Mrs. Keyes changed their minds. In the contract to purchase, the form used by the broker, Shelton, provided, “In the event of the failure or refusal of the Buyer to perform and comply with the terms and conditions hereof on the part of the Buyer to be performed and complied with, the Buyer shall pay the regular Brokers commission on all property involved in this transaction.” Upon the buyers’ refusal to close the transaction, Shelton thereupon instituted an action at law for recovery of a full broker’s commission, but in February, 1958, judgment was entered in favor of the Keyes because the court determined that the contract was defective in its execution and not enforceable. Approximately a year later, Shelton still had not returned the deposit, despite the court’s adjudication that he was not entitled to a commission. Then in January, 1959, the buyers demanded by letter that the deposit be returned. Although Shelton denied that he had received the letter, the Commission found that the buyers had made the demand as stated. Nevertheless, it is a peculiar coincidence that within a few days after the letter was mailed, Shelton billed the Keyes for expenses to the exact penny of the deposit, claiming that sum as damages.
*713 It is clear that Shelton continued to avoid a return of the deposit money to the buyers. About one year following the judgment against him in the action for broker’s services, by letter of February 9, 1959, addressed to a representative of the Florida Real Estate Commission before the institution of the disciplinary proceeding, Shelton indicated his intent to retain the deposit money. It was only when he was actually confronted with and under pressure of disciplinary action by the Florida Real Estate Commission that he appeared to change his position. This change is revealed by his answer to the Commission where he conceded that he was not entitled to claim a commission; and to his answer he attached a check for $300, not payable to the purchasers but made out to his own attorney and then by him endorsed to George B. Keyes. However, through his answer he endeavored to justify the retention of the deposit money; and although he attached the check as stated, he made no direct averment of tender of the money to the Keyes. Even his testimony given before the examiner shows it was not his intention unconditionally to return the deposit money to the Keyes, for upon direct question to him, he declined to tender the return of it and attempted to sustain his action withholding it. The position that he assumed was that the matter should be left to decision of the Commission and that the Commission should turn over the check to whoever it decided was correctly entitled to it. The Commission determined that there had been no proper offer to return the deposit money and thereupon ordered the check of Shelton returned to his attorney. Thus from the date of judgment against him for recovery of a commission to the time of rendition of the order of suspension in the disciplinary proceeding, about one and one-half years had elapsed. Insofar as this record is concerned, it is not revealed that the Keyes have yet received the money representing their deposit.
Shelton at no time made any effort to take advantage of the course of procedure under the proviso of section 475.25(1) (c). The evidence amply sustains the order of suspension.
The petition for writ of certiorari is denied.
ALLEN, C. J., and SHANNON, J., concur.