38898. PHOENIX ASSURANCE COMPANY OF
NEW YORK v. YOUNG.

DECIDED JUNE 27, 1961.

*Smith, Field, Ringel, Martin & Carr, H. A. Stephens, Jr.,* for plaintiff in error.

*Maurice N. Maloof, Heyman, Abram & Young,* contra.

FELTON, Chief Judge. The bond contemplated by *Code Ann.* § 84-1409, codifying acts of the General Assembly, noted at the foot of the section, is required to have the condition of the obligation that the bond shall be subject to suit by action thereon by any person who shall sustain actionable injuries or loss, or damage, for the purpose of indemnifying any person injured, or damaged, or who may suffer loss, due to any wrongful act of any broker, his agents or employees, and that said broker should be bound under said bond to faithfully perform all of his duties as such broker, so far as public citizens are concerned. A real-estate salesman is a person employed by a licensed real-estate broker to perform certain duties with reference to the buying, offering to buy, negotiating the purchase, sale or exchange of real estate, etc. *Code* § 84-1402. *Babb & Nolan v. Huiet,* 67 Ga. App. 861 (21 SE2d 663). The allegations in the petition to the effect that the moneys coming into possession of defendant belonged to plaintiff as commissions is inconsistent with the allegation that plaintiff was employed as a real-estate salesman by defendant. Although defendant may have agreed to pay plaintiff, as commissions, certain percentages of the sales price of properties, such a fact would not have the legal consequence of rendering the commissions, or any part thereof, received by defendant, the property of plaintiff of which plaintiff owned the legal title. Under the relationship alleged in the petition, whatever obligation defendant owed to plaintiff was contractual based on the

obligation of defendant to pay plaintiff whatever commissions he was entitled to out of assets belonging to defendant. Even if it could be said that the purpose of the law in requiring the bond is to protect the salesman of a broker, the purpose of the law is not to protect the salesman from a breach of a contractual obligation on the part of the broker. However, we are of the opinion that the law requiring such bond is intended to protect members of the public and not the employees of a broker. Ferguson v. Schuenemann, (Cal. App.) 334 P. 2d 668, 671; Iusi v. Chase, (Cal. App.) 337 P. 2d 79, 82; Eberman v. Mass. Bonding & Ins. Co. (DCMunApp), 41 A. 2d 844; Gilewicz v. Home Indemnity Co., (DCMunApp), 150 A. 2d 627. The case of National Sur. Corp. v. Kneeland, (Okla.) 294 P. 2d 310, in reaching a different conclusion noted that the language of the Oklahoma act did not have the limited provision which controls the Eberman case, supra. The Oklahoma act provided that the obligor, in the bond required, should pay to the extent of $1,000 any judgment which may be recovered against such licensee for loss or damage *arising from his activities* as such real-estate salesman, or real-estate broker. The case of Sigler v. Mass. Bonding & Ins. Co., 71 Ohio App. 425 (50 NE2d 390), reached a different conclusion with Doyle, Presiding Judge, dissenting. We agree with the dissent in that case as did the court in the Eberman case, supra.

The court erred in overruling the general demurrer to the petition.

*Judgment reversed. Bell and Hall, JJ., concur.*