Herman Miller, Washington, D. C., for appellant.

John F. Myers, Washington, D. C., for appellee.

**Edward D. COLLIER, trading as Collier Realty Co., Appellant,**

v.

**HARTFORD ACCIDENT AND INDEMNITY COMPANY, a corporation, Appellee.**

**No. 2931.**

Municipal Court of Appeals for the District of Columbia.

Submitted March 5, 1962.

Decided May 11, 1962.

Before HOOD, Chief Judge, QUINN, Associate Judge, and MYERS, Associate Judge of The Municipal Court for the District of Columbia, sitting by designation.

HOOD, Chief Judge.

Appellant, a real estate broker, had in his employ as sales manager, one Martin. It was Martin's duty, in appellant's absence, to receive from salesmen deposits made by prospective buyers. On one occasion Martin received from a salesman a cash deposit of $500, but failed to deliver it to appellant or to properly account for it. The prospective sale did not materialize, and appellant, being obligated to return the deposit, was forced to pay it from his own funds. He then brought this action against the surety on Martin's real estate salesman's bond.[1]

The trial court granted summary judgment against appellant and this appeal followed. We affirm on the authority of Eberman v. Massachusetts Bonding & Ins. Co.,

1. Code 1961, § 45–1405.

D.C.Mun.App., 41 A.2d 844, and Gilewicz v. Home Indemnity Company, D.C.Mun.App., 150 A.2d 627.[2]  In those cases we held that a real estate salesman could not maintain an action on the bond of the broker employing him, because he was not a member of the class of persons intended to be protected by the Act.  On the same reasoning we hold a broker cannot maintain an action on the bond of one of his salesmen.

Affirmed.

2. See also Phoenix Assurance Co. of N. Y. v. Young, 104 Ga.App. 55, 121 S.E.2d

70. Cf. National Surety Corp. v. Kneeland, Okl., 294 P.2d 310.