McCAIN, Judge.
The petitioner, John M. Cannon, seeks certiorari to review a final order of the Florida Real Estate Commission suspending his registration as a broker for alleged violation of F.S.1967, Section 475.25(1) (c), F.S.A. [1]
*241 The dispute precipitating the suspension arose when the petitioner refused and failed to pay a saleswoman in his employ her share of certain earned commissions. The petitioner claimed a setoff, counterclaim or forfeiture arising through the saleswoman’s alleged misconduct.
Petitioner initially contests the authority of the commission to suspend under these facts. We agree.
Chapter 475, Florida Statutes, F.S. A., was enacted for the purpose of protecting the public in dealings with real estate agents. Ahern v. Florida Real Estate Commission ex rel. O’Kelley, 1942, 149 Fla. 706, 6 So.2d 857; Holland v. Florida Real Estate Commission, 1938, 130 Fla. 590, 178 So. 121; Shelton v. Florida Real Estate Commission, Fla.App.1960, 121 So.2d 711.
The role of the judiciary is usurped if the commission is permitted to decide charges which “are predicated upon factual matters pertaining solely to the internal business affairs of a real estate agency”. Horne v. Florida Real Estate Commission, Fla.App.1964, 163 So.2d 515, 517.
The administrative processes of the commission should be directed at the “dishonest and unscrupulous operator, one who cheats, swindles or defrauds the general public in handling real estate transactions”. (Emphasis added.) Brod v. Jernigan, Fla.App.1966, 188 So.2d 575, 576.
Although no Florida decision decides whether a real estate sales person is a “person” within the meaning of F.S.1967, Section 475.25(1) (c), F.S.A., other jurisdictions with similar statutes have considered the question and generally agree that a sales person, employed by a broker, is not within the class of persons protected.[2] This is compatible with our view herein.
The relationship between a real estate broker and his sales personnel is con *242 tractual in nature. Enforcement of rights thereunder, absent fraud, concealment or dishonest acts,[3] should be by a court of proper jurisdiction rather than by an administrative agency.
The instant case involves an internal dispute between broker and saleswoman over payment of an earned commission. The commission did not find any dishonest conduct by the broker. We conclude the statute sub judice,[4] under such circumstances, does not contemplate a saleswoman to be a “person” within its meaning for invocation of actionable authority by the commission.
For the foregoing reasons certiorari is granted and the Florida Real Estate Commission’s final order is quashed with instructions to enter a dismissal of the stated charges against petitioner.[5]
CROSS and REED, JJ., concur.

. F.S. 475.25, F.S.A. “Grounds for revocation or suspension.—
“(1) The registration of a registrant may be suspended for a period not exceeding two years, or until compliance with a lawful order imposed in the final order of suspension, or both, upon a finding of facts showing that the registrant has:
«* * * * * *
“(c) Failed to account or deliver to any person any personal property such as money, fund, deposit, check, draft, ab- *241 straet of title, mortgage, conveyance, lease, or other document, or thing of value, or any secret or illegal profit, or any divisible share or portion thereof, which has come into his hands, and which is not his property, or which he is not in law or equity entitled to retain, under the cir-cumstancs, and at the time which has been agreed upon, or is required by law, or, in the absence of a fixed time, upon demand of the person entitled to such accounting and delivery; provided, however, that, if the registrant shall, in good faith, entertain doubt as to his duty to account and deliver said property, or as to what person is entitled to the accounting and delivery, or if conflicting demands therefor shall have been made upon him, and he has not appropriated the property to his own use, or intermingled it with his own property of like kind, he may notify the commission promptly, truthfully stating the facts, and ask its advice thereon, or after notice thereof to the commission, shall promptly submit the issue to arbitration by agreement of all parties, or interplead the parties, or otherwise seek an adjudication of the question, in a proper court, and shall abide, or offer to perform, the advice of the commission or the orders of the court, or arbitrators, no information against him shall be permitted to be maintained * * (Emphasis added.)

. A District of Columbia case involving a statute similar to ours, Eberman v. Mass. Bonding & Ins. Co., 1945, D.C.Mun.App., 41 A.2d 844, wherein the salesman contended he was included within this act’s language as a person “aggrieved” because of the broker’s failure to remit his earned commissions, concludes such wording did not include salesman and limited recovery to those for whom the broker acted as broker. Later the court considered a similar question involving the real estate license law of both the District of Columbia and Maryland. The same conclusion was reached. Gilewicz v. Home Indemnity Company, 1959, D.C.Mun.App., 150 A.2d 627. A similar result has been reached in the state of Georgia. Phoenix Assur. Co. of New York v. Young, Ga.App.1961, 104 Ga.App. 55, 121 S.E.2d 70. The state of California has also held that a husband-broker/wife-saleswoman relationship is not within the protected class. Ferguson v. Schuenemann, 1959, 167 Cal.App.2d 413, 334 P.2d 668. But see where the state of Ohio has decided otherwise. Sigler v. Mass. Bonding and Ins. Co., 1941, 71 Ohio App. 425, 50 N.E.2d 390.

. F.S. 475.25, F.S.A. “Grounds for revocation or suspension.—
“(1) The registration of a registrant may be suspended for a period not exceeding two years, or until compliance with a lawful order imposed in the final order of suspension, or both, upon a finding of facts showing that the registrant has:
“(a) Been guilty of fraud, misrepresentation, concealment, false promises, false pretenses, dishonest dealing, trick, scheme or- device, culpable negligence, or breach of trust in any business transaction, or has violated a duty imposed upon him by law or by the terms of a listing contract, written, oral, express or implied, in a real estate transaction; or has aided, assisted, or conspired with any other person engaged in any such misconduct and in furtherance thereof; or has formed an intent, design or scheme to engage in any such misconduct, and has committed an overt act in furtherance of such intent, design or scheme; and it shall be immaterial to the guilt of the registrant that the victim, or intended victim, of the misconduct has sustained no damage or loss, or the damage or the loss has been settled and paid, after discovery of the misconduct, or whether such victim, or intended victim, thereof, was a customer or a person in confidential relation with the registrant, or was an unidentified member of the general public * * * »

. F.S. 475.25(1) (c), F.S.A.

. Brod v. Jernigan, Fla.App.1966, 188 So.2d 575; Florida Real Estate Commission v. Rogers, Fla.1965, 176 So.2d 65.