ON PETITION FOR REHEARING
ROBERT P. SMITH, Jr., Judge.
By petition for rehearing petitioners urge that our opinion appears to rule (incorrectly, they say) that Section 475.- *1060 25(l)(c), Florida Statutes (1977), applies to brokers in their conduct with respect to their own property. Petitioners urge that this particular subsection applies only to brokers who, in the language of the statute, “[fjailed to account or deliver to any person” the money or things named “which has come into his hands, and which is not his property, or which he is not in law or equity entitled to retain, under the circumstances .,” and that this particular subsection can apply only to brokers acting as brokers. See Cannon v. Florida Real Estate Comm’n, 221 So.2d 240, 241 fn. 2 (Fla 4th DCA 1969). The cause of our reference to Section 475.25(l)(c) was petitioners’ contention that their use of its escape provisions deprived the Commission of jurisdiction to proceed on a complaint charging, in part, violation of Section 475.25(l)(c). We found that the Commission is not deprived of power to proceed. Neither in our original opinion nor now do we pass on the question of whether, on the facts, petitioners’ alleged conduct would constitute a violation of Section 475.25(l)(c). The question of statutory interpretation is one properly for the Commission in the first instance, and it has jurisdiction to make that interpretation. In any event, if petitioners’ interpretation of Section 475.25(l)(c) is correct, the Commission retains clear jurisdiction to proceed under Section 475.25(l)(a), affording grounds for discipline whether or not the broker was acting as a broker when dealing dishonestly in “any business transaction.”
The petition for rehearing is DENIED.
Larry G. SMITH, J., and MELVIN, WOODROW M., Associate Judge, concur.