FRANK D. UPCHURCH, Jr., Judge,
dissenting:
I respectfully dissent. In my opinion the construction of the statute by the majority serves only to defeat the obvious intent of the Legislature. As pointed out by the majority, the Legislature amended the predecessor to section 475.25(1)(d) after Cannon v. Florida Real Estate Commission, 221 So.2d 240 (Fla. 4th DCA 1969), to also relate to the failure of a licensee to account or deliver to another licensee. This subsection now reads as follows:
(1) The board may deny an application for licensure or renewal, may suspend a license for a period not exceeding 10 years, may revoke a license, may impose an administrative fine not to exceed $1,000 for each count or separate offense, or may issue a reprimand, if it finds that the licensee or applicant has:

(d) Failed to account or deliver to any person, including a licensee under this chapter, at the time which has been agreed upon or is required by law or, in the absence of a fixed time, upon demand of the person entitled to such accounting and delivery, any personal property such as money, fund, deposit, check, draft, abstract of title, mortgage, conveyance, lease, or other document or thing of value, including a share of a real estate commission, or any secret or illegal profit, or any divisible share or portion thereof, which has come into his hands and which is not his property or which he is not in law or equity entitled to retain under the circumstances. However, if the licensee, in good faith, entertains doubt as to what person is entitled to the accounting and delivery of the es-crowed property, or if conflicting demands have been made upon him for the escrowed property, which property he still maintains in his escrow or trust account, the licensee shall promptly notify the board of such doubts and shall promptly:
1. Request that the board issue an escrow disbursement order determining who is entitled to the escrowed property; or
2. With the consent of all parties, submit the matter to arbitration; or
3. By interpleader or otherwise, seek adjudication of the matter by a court.
If the licensee promptly employs one of the escape procedures contained herein, and if he abides by the order or judgment resulting therefrom, no administrative complaint may be filed against the licensee for failure to account for, deliver, or maintain the escrowed property....
*232 Subsection (d) of the quoted statute provides for suspension, revocation, reprimand or fine if the board finds a licensee has failed to account or deliver at the time agreed upon or required by law.
In my view, the majority’s conclusion will emasculate the statute because all the licensee will have to do is assert that the person demanding the accounting is owed nothing. Then, the majority says, the person must secure a judicial determination that the broker is not entitled to retain non-escrowed property and only then is the statute authority to discipline the broker. To illustrate: the owner of several apartments retains a broker to supervise her property, collect the rents, and pay expenses. The broker is not heard from. The owner asks for an accounting. The broker responds saying nothing is due because the taxes, insurance, and his commission exceed the rents collected. The majority says the owner must first secure a judicial determination that she is entitled to a delivery. But, in my opinion, the failure to account constitutes a violation of the statute because clearly the owner is entitled to delivery, if the accounting reflects anything due. Obviously, if the accounting reflects nothing owed, there is no requirement to deliver. The broker’s duty under the statute is the same in either event.
I suggest that the words “accounting and delivery” must be interpreted as meaning, if, as revealed by the accounting, a delivery is due. The statute requires nothing more than what reputable brokers do as a matter of course. They account to those with whom they deal regarding funds received or disbursed.
Here, Golub refused to account to Senia. There is no doubt that they had a business association and Senia was entitled to an accounting. In my opinion, Golub was in violation of the statute. I would affirm.