PEARSON, TILLMAN, Judge.
Judah Cohen and Murray Sawyer, who-are real estate salesmen, seek review of an order of the Florida Real Estate Commission which order denied their motions-to quash an information in proceedings-against them. We hold that the information does not charge an offense under the-Florida Real Estate License Law and quash* the information.
The information charges that the-real estate salesmen cheated on an examination in a course conducted by the General Extension Service of the State University System. It is further charged that" the successful completion of this course is: a necessary incident to advancement in-rank from salesman to real estate broker.. The statute upon which the information-, is based is:
“475.25 — Grounds for revocation of suspension
“(1) The registration of a registrant; may be suspended for a period not. exceeding two years, or until compliance with a lawful order imposed, in the final order of suspension, or' both upon a finding of facts showing-that the registrant has: (a) Been: *253 guilty of fraud, misrepresentation, concealment, false promises, false pretenses, dishonest dealing, trick, scheme or device, culpable negligence, or breach of trust in any business transaction, or has violated a duty imposed upon him by law or by the terms of a listing contract, written, oral, express or implied, in a real estate transaction; or has aided, assisted, or conspired with any other person engaged in any such misconduct and in furtherance thereof; or has formed an intent, design or scheme to engage in any such misconduct, and has committed an overt act in furtherance of such intent, design or scheme; and it shall be immaterial to the guilt of the registrant that the victim, or intended victim, of the misconduct has sustained no damage or loss, or the damage or loss has been settled and paid, after discovery of the misconduct, or whether such victim, or intended victim, thereof, was a customer or a person in confidential relation with the registrant, or was an unidentified member of the general public * *
It is immediately apparent that to be a proper charge the information here must be found to set forth either dishonest dealing in a business transaction or a violation of duty in a real estate transaction. However reprehensible the conduct charged may be, it does not come within the ordinary meaning of either of the statutory prohibitions.
It is earnestly contended by the commission that men who cheat on examinations ought not be allowed to be real estate salesmen. We must agree, but neither should men who cheat at cards. Unfortunately, this statute does not cover either case. See: Brown v. Watson, 116 Fla. 56, 156 So. 327; Main v. Benjamin Foster Co., 141 Fla. 91, 192 So. 602, 126 A.L.R. 143; Florida Industrial Comm’n v. Manpower, Inc. of Miami, Fla.1956, 91 So. 2d 197. The Commission is not without remedy if the information is susceptible of proof. Certainly a course passed by cheating need not be recognized as a qualifying element for an advance to the status of broker.
The order denying petitioners’ motions is quashed and the respondent is directed to dismiss the information.