RAWLS, Judge.
Defendants Horne and Martin have petitioned for writ of certiorari to review an order of the Real Estate Commission denying a motion to quash count three of an information alleging that defendant Horne is guilty of conduct prohibited by Chapter 475, Florida Statutes, F.S.A.
The motion to quash was directed to count three only. This count realleges all matters set forth in counts one and two so the facts contained therein are briefly reviewed here. Count one alleges that defendant Martin (a registered broker) and one Hampton Cox were the active firm members of Florida Real Estate Service, Inc. of Ocala which had in its employ as a registered real estate salesman, defendant Christine Horne. For his services broker Martin was to receive 75% of commissions collected on his real estate transactions and defendant Horne was to receive 50% of commissions collected on her transactions. In February 1961, Martin obtained the approval of Cox and thereby the approval of the corporation “to share his commission earned on his transaction with Horne” for Horne’s assistance in handling the transaction. No specific transaction or transactions were named, but the count further alleged that thereafter the two defendants conspired to defraud the corporation by falsely representing that certain named transactions, one in February and one in March 1961, were Martin’s when in fact they were not. This count alleges that both defendants are guilty of conspiracy, fraud false pretenses and breach of trust.
Count two alleges that in May 1961, defendant Horne’s negotiation of the sale of the Brower farm was concealed from Hampton Cox and the commission collected was disbursed by the two defendants without the consent of Cox.
Count three after realleging the foregoing further alleged: “That Hampton Cox, upon learning of the conspiracy, fraud and breach of trust of the defendants, dissolved and put the corporation in the hands of a receiver, and defendant Horne filed a claim with the receiver against the corporation in the amount of $2,200 as a listing commission due on a sale of property belonging to Ben McLaughlin knowing that she did not obtain the listing on the property and was not entitled to a listing commission. Wherefore defendant Horne is guilty of false pretenses and dishonest dealing, all in violation of Chapter 475, Florida Statutes.”
The question presented here is whether the Commission erred in denying the motion to quash the third count.
Petitioner Horne admits that she filed a claim for a listing commission with the receiver in a proceeding pending before the circuit court; however, she contends that under Section 4, Declaration of Rights, Constitution of the State of Florida, F.S.A., to wit:
“All courts in this State shall be open, so that every person for any injury done him in his lands, goods, person or reputation shall have remedy, by due course of law, and right and justice shall be administired with out sale, denial or delay.”
she has a right to adjudicate her claim in the courts of this State, and whether it is or is not an enforceable claim against the corporation is not grounds for suspension of her registration. This contention is well founded.
The information was predicated upon the provision of Section 475.25(1) (a), Florida Statutes, F.S.A., which reads in part:
“(1) The registration of a registrant may be suspended * * * upon a *517 finding of facts showing that the registrant has:
“(a) Been guilty of fraud, misrepresentation, concealment, false promises, false pretenses, dishonest dealing, trick, scheme or device, culpable negligence, or breach of trust in any business transaction, or has violated a duty imposed upon him by law or by the terms of a listing contract, written, oral, express or implied, in a real estate transaction * * [Emphasis supplied.]
At the outset it should be noted that petitioner does not question the constitutionality of the statute except to the extent that she claims it abridges her right to have her claim adjudicated by the courts. The constitutionality of predecessor statutes which in amended form now appear in Chapter 475 have been contested on various grounds. In general these cases have held that the frequency of past unscrupulous practices in Florida real estate dealings are of such public interest as to make the subject amenable to regulation by properly enacted legislation.[1] The fiduciary relationship between customer and broker, inviting and usually receiving a high degree of trust and confidence, is a proper subject for reasonable regulation. The purpose of the statute and these regulations is to protect the public by permitting only those who possess special qualifications of aptitude, ability and integrity to engage in the business.[2] The duty to determine the continued eligibility and qualification of registrants has been vested in the Real Estate Commission in accordance with the procedures provided by Chapter 475. Disciplinary proceedings under this chapter are for the primary purpose of protecting the general public from unscrupulous or dishonest real estate operators. The Real Estate Commission proceedings are not of a criminal nature [3] and the Commission cannot use the authority vested in it to intimidate registrants in a manner so as to abridge their right to adjudicate their claims in the courts,[4] and failure to successfully prevail in such court actions does not constitute grounds for revocation or suspension of one’s registration.
Our sister court, the Third District, in considering an analogous problem wherein real estate salesmen were charged by information of the Commission with cheating on an examination in a course conducted by the General Extension Service of the State University System held that such conduct did not come within the provisions of the statute and quashed the information stating: “It is earnestly contended by the commission that men who cheat on examinations ought not be allowed to be real estate salesmen. We must agree, but neither should men who cheat at cards. Unfortunately, this statute does not cover either case.” [5] In our opinion, it is fortunate that the statute does not cover either case.
An examination of the instant information discloses that the charges outlined are predicated upon factual matters pertaining solely to the internal business affairs of a real estate agency and’ the decision reached by the Real Estate Commission, if permitted to decide the matter, would usurp the role of the established judiciary. By analogy, to sustain the Commission’s position being here asserted, we would be compelled to conclude that if a husband real estate salesman should be charged by the Commission with lying to his wife about his commission derived from a real estate transaction, a determination by *518 the Commission that the husband so fraudulently conducted himself, would subject the husband to disciplinary proceedings by the Commission. Admitting the truth of said allegations, as we must in deciding this cause upon the motion to quash, we conclude that the fraud so charged by the Commission is directed to factual matters outside of the Commission’s jurisdiction and in which the general public will not be harmed or otherwise concerned.
Certiorari granted with directions to the Florida Real Estate Commission to grant petitioner’s motion to quash.
STURGIS, C. J., concurs.
CARROLL, DONALD K., J., dissents.

. See State ex rel. Davis v. Rose, 97 Fla. 710, 122 So. 225, 230 (1929).

. Holland v. Florida Real Estate Commission, 130 Fla. 590, 178 So. 121 (1938).

. Ahern v. Florida Real Estate Commission, 149 Fla. 706, 6 So.2d 857 (1942).

. The right of a salesman to maintain an action against his employer to recover commissions or compensation is recognized in § 475.42, Florida Statutes, F.S.A.

. Cohen v. Florida Real Estate Commission, Fla.App., 161 So.2d 252.