PER CURIAM.
We are presented with a petition for certiorari by a real estate broker seeking review of an interlocutory order denying a motion to quash an information against the broker filed by the Florida Real Estate Commission. Review of the interlocutory order is authorized upon certiorari by § 475.30(2), Fla.Stat, F.S.A. The information filed by the Commission alleged violation of subsection 475.25(1)(c), Fla.Stat., F.S.A., by failure to deliver or account for a deposit made by a prospective purchaser of real property. We hold that the allegations of the information affirmatively show that the petitioner here had delivered or accounted for the deposit prior to the filing of the information and thereupon grant certiorari and vacate the order denying the motion to quash and direct the dismissal of the information.
On motion to quash the facts are those that are alleged in the information and they are for the purpose.' of the motion, deemed to be true.
As alleged in the information the facts briefly are:
(a) Petitioner Lane, a real estate broker, negotiated a contract dated July 27, 1971, between Sidney Thurston and Esther Thurston, his wife, as purchasers, and Mil-lyben Corp., a Florida corporation, as seller, for the purchase and sale of real property for a purchase price of $219,000.
(b) The purchasers put up a deposit of $5,000 which was duly deposited in the escrow bank account of petitioner.
(c) The closing date, November 15, 1971, passed without a closing.
(d) By letter dated November 23, 1971, the attorney for the Thurstons advised petitioner Lane that the purchasers had been ready, willing and able to close the contract and, as the seller was not able to close, demanded the return of the deposit.
(e) The Thurstons filed suit against the seller and petitioner for the deposit and petitioner placed the deposit in the registry of the circuit court pursuant to a leave order of said court dated March 14, 1972.
*591 (f) The information then concludes and alleges that by reason of the foregoing, the defendant has violated subsection 475.-25(1)(c), Fla.Stat., F.S.A.
It is clear from the allegations of the information that the earnest money binder in this case was paid into the circuit court registry pursuant to a leave order of said court dated March 14, 1972. The right to said funds is yet to be decided by the court. The information was filed in November, 1973. In Ringo v. Owens, Fla. 1951, 54 So.2d 366, 368, the Supreme Court of Florida had for review the suspension of a broker. One of the charges was that the broker had breached this same subsection by failure to account for rents collected. As to that charge, the court pointed out:
‡ ‡ ‡ ‡
“The $1,724.70 claim for rent against Ringo was paid and the transaction closed prior to January 11, 1950, the date the Florida Real Estate Commission filed the information against Ringo.”

The court held that the broker was improperly suspended by the Commission for refusing to pay such rents to the owner.
On this appeal, the Commission’s position seems to be that the delivery of the funds into the registry of the court was (1) too late, or (2) not effective because the action was begun by the buyer. We hold that neither of these reasons is sufficient to vary the rule that once a stakeholder has deposited funds into the registry of the court to await the outcome of a suit in which he is personally sued, that he has by this action relieved himself of responsibility to pay the funds. Cf. Horne v. Florida Real Estate Commission, Fla.App.1964, 163 So.2d 515.
Accordingly, the order of the Commission denying petitioner’s motion to quash the information is itself quashed and the Commission is directed to enter an order dismissing the information.