OTT, Judge.
The Florida Real Estate Commission suspended appellants’ licenses for ninety days and they appeal. We reverse.
In ordering the suspensions the Commission adopted the findings of fact made by the hearing officer, but rejected his recommendation that the charges against appellants should be dismissed.
The essential findings of fact established that a licensed real estate salesman was hired by a corporation that was developing and selling condominium units. The salesman was informed that the hiring corporation was short of cash and that he would be required to wait an indefinite time before being paid any commissions he might earn. The corporation ultimately became insolvent and folded, still owing some $3,000 in commissions to the salesman for three sales he had closed but which produced no money at all for the corporation or its officers. Two of its officers continued to assure the salesman that he would get paid eventually. Those two officers were licensed real estate brokers who operated a licensed real estate brokerage corporation which was completely independent of the condominium corporation and was in no way involved in the deal with the salesman. The two officers and the realty corporation (all licensees) are the appellants.
Even if the acts or dealings of these appellants with the salesman come within the purview of the commission’s regulatory authority, the findings of fact will not support a violation of Section 475.25(l)(a), Florida Statutes. See Brod v. Jernigan, 188 So.2d 575 (Fla. 2d DCA 1966); Cannon v. Florida Real Estate Commission, 221 So.2d 240 (Fla. 4th DCA 1969); Horne v. Florida Real Estate Commission, 163 So.2d 515 (Fla. 1st DCA 1964).
The order of suspension is reversed with instructions to the Commission to dismiss *DCCXCVI the administrative complaint against appellants with prejudice.
HOBSON, Acting C. J., and RYDER, J., concur.