Mr. Richard T. Farrell Secretary, Department of Business and Professional Regulation 1940 North Monroe Street Tallahassee, Florida 32399-0750
Dear Mr. Farrell:
You ask substantially the following question:
Can a licensed real estate broker or salesperson be absolved of a legal responsibility or professional duty by language contained in a sales agreement between a seller and a buyer of real estate?
In sum:
A licensed real estate broker or salesperson cannot be relieved of a professional duty or shielded from liability for a violation of the professional practices act by language contained in a sales agreement between a seller and a buyer of real estate. Any provision of a contract that purports to remove a real estate broker's or salesperson's liability for misrepresentation or other wrongdoing undermines public confidence in a regulated profession and is contrary to public policy and, therefore, void.
Historically, the contract utilized in residential sales and purchases has been jointly developed and approved by the Florida Bar and the Florida Association of Realtors (FAR). A new alternative contract has been developed and distributed by FAR without consultation with or approval by the Florida Bar. This new contract purports to absolve real estate brokers and sales-persons from any civil liability for misrepresentations made in conjunction with the sale of residential real estate.
Paragraph 19 of this new contract states:
PROFESSIONAL ADVICE; BROKER LIABILITY: Broker advises Buyer and Seller to verify all facts and representations that are important to them and to consult an appropriate professional for legal advice (for example, interpreting contracts, determining the effect of laws on the Property and transaction, status of title, foreign investor reporting requirements, etc.) and for tax, property condition, environmental and other specialized advice. Buyer and Seller hold Broker harmless and release Broker and Broker's officers, directors, agents and employees from all liability for loss or damage, whether caused by Broker's negligence or otherwise, in connection with (1) Seller's failure to disclose material facts in accordance with this Contract; (2) Broker's representations regarding the Property's condition or square footage; (3) Broker's performance, at Buyer's and/or Seller's request, of any task beyond the scope of services regulated by Chapter 475, F.S., as amended, including Broker's referral, recommendation or retention of any vendor, (4) services or products provided by any vendor, and (5) expenses incurred by any vendor. Buyer and Seller each assume full responsibility for selecting and compensating vendors. For purposes of this paragraph, Broker will be treated as a party to this Contract. This paragraph will survive closing. (e.s.)
The question has been raised whether a contractual provision can shield real estate brokers or salespersons from liability for wrongdoing. Further, language included in paragraph 13 providing that representations by the broker must be included in the contract in order to be binding on the buyer, seller or broker also calls into question broker liability.[1] These provi- Zions purport to absolve the broker from liability for any representations not included within the contract or for loss or damage resulting from the broker's negligence or other actions.
In enacting Chapter 455, Florida Statutes, which relates to the general regulation of certain professions and occupations, and Chapter 475, Florida Statutes, which relates particularly to the regulation of real estate brokers and salespersons, the Florida Legislature has stated that such regulation is necessary for the protection of the health, safety, and welfare of the public.[2]
The Legislature has authorized the discipline of these professionals for certain conduct that is contrary to the public welfare and policy. Section 455.227(1)(a), Florida Statutes, provides that disciplinary action will be taken against a licensed professional who makes misleading, deceptive, or fraudulent representations in or related to the practice of the licensee's profession. Among the penalties that may be imposed for such violations are refusal to license, suspension or permanent revocation from the practice, restriction, imposition of an administrative fine not to exceed $5,000 for each offense, issuance of a reprimand, probation, or corrective action.[3]
Chapter 475, Florida Statutes, authorizes the Florida Real Estate Commission to impose additional penalties. The commission may deny an application for licensure, place a licensee on probation, suspend a licensee, revoke a license, impose an administrative fine, or issue a reprimand if it finds that a licensee:
(a) Has violated any provision of s. 455.227(1) or of 475.42. (b) Has been guilty of fraud, misrepresentation, concealment, false promises, false pretenses, dishonest dealing by trick, scheme, or device, culpable negligence, or breach of trust in any business transaction . . .; has violated a duty imposed upon him by law or by the terms of a listing contract, written, oral, express, or implied, in a real estate transaction; has aided, assisted, or conspired with any other person engaged in any such misconduct and in furtherance thereof; or has formed an intent, design, or scheme to engage in any such misconduct and committed an overt act in furtherance of such intent, design, or scheme. It is immaterial to the guilt of the licensee that the victim or intended victim of the misconduct has sustained no damage or loss; that the damage or loss has been settled and paid after discovery of the misconduct; or that such victim or intended victim was a customer or a person in confidential relation with the licensee or was an identified member of the general public. (c) Has advertised property or services in a manner which is fraudulent, false, deceptive, or misleading in form or content.[4] (e.s.)
Thus, it is a violation of the practices act for which a licensed real estate broker or salesperson may be disciplined to misrepresent or make any fraudulent representations regarding a property offered for sale. Moreover, section 475.421, Florida Statutes, makes it a misdemeanor of the first degree for any person to publish or cause to be published by means of a newspaper, periodical, radio, television, or written or printed material any false or misleading information for the purpose of offering for sale or of causing or inducing another person to purchase, lease, or rent real estate in this state. Accordingly, Chapters 455 and 475, Florida Statutes, clearly make misrepresentation, concealment, and fraud by real estate brokers and salespersons contrary to the public policy of this state.
The Supreme Court of Florida in Zichlin v. Dill[5] recognized that real estate brokers in Florida occupy a status with recognized privileges and responsibilities, enjoying a monopoly to engage in a lucrative business:
Ultimately we must determine just what duty the broker owed appellant. Did he owe a duty to any one except the owner who had listed the property? Evidently the chancellor was of the view that he owed no duty to the buyer. In this he was in error. Generally speaking an agent is responsible only to his principal. This, however, is different. The broker in Florida occupies a status under the law with recognized privileges and responsibilities. The broker in this state belongs to a privileged class and enjoys a monopoly to engage in a lucrative business. . . .
The state, therefore, has prescribed a high standard of qualifications and by the same law granted a form of monopoly and in so doing the old rule of caveat emptor is cast aside. Those dealing with a licensed broker may naturally assume that he possesses the requisites of an honest, ethical man.
More recently, the Second District Court of Appeal in Ellis v. Flink[6] relied on the Court's opinion in Zichlin in holding:
The law of Florida is very clear that . . . real estate broker[s] and salesmen, owed the [appellees], a duty of honesty, candor, and fair-dealing . . . even if there were no principal-agent relationship at all.
Clearly the Legislature, through the enactment of the professional practices acts, and court decisions prescribe the professional responsibility that real estate brokers and salespersons owe to their clients and to the public. The FAR contract appears to seek avoidance of the courts' proscriptions and circumvention of legislative and court imposed duty.
While it is widely recognized that competent parties have the freedom to contract and that their agreements, voluntarily and fairly entered into, will be held valid and enforced by the courts, the right to contract is subject to the limitation that the agreement must be legal.[7] To be valid, the contract must contain a lawful subject matter, consideration, or purpose, and the contract must not violate the Constitution or statutes or be contrary to public policy. Thus, contracts that violate principles designed to protect the public welfare are illegal.[8] If a provision in a contract is, in effect, illegal, it is not made legal by the fact that the illegal provision is incidental to the accomplishment of a lawful purpose.[9]
Thus, the courts have held that an agreement or contract that violates a statute or is contrary to public policy is illegal, void and unenforceable.[10] The freedom of competent parties to contract is, therefore, always subject to the limitation that the agreement must not be against public policy.
The provisions of the practices acts regulating the conduct of real estate brokers and salespersons were enacted by the Legislature to protect the public from potential economic loss and to instill public confidence in real estate sales practices. Moreover, the practices acts clearly make misrepresentation, concealment, and fraud contrary to the public policy of this state. In light of the prohibitions contained in Chapters 455 and475, Florida Statutes, any provision of a contract that seeks to remove liability for such acts undermines public confidence in a regulated profession and is contrary to public policy and, therefore, void.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Paragraph 13 of the FAR contract (revised Oct. 1995) provides:
COMPLETE AGREEMENT: This Contract is the entire agreement between Buyer and Seller, and all representations by Broker or found in printed material about the Property, including the listing information sheet, on which the parties relied are expressed in this Contract. Except for brokerage agreements, no prior or present agreements or representations will bind Buyer, Seller or Broker unless incorporated into this Contract. . . .
[2] See, s. 475.001, Fla. Stat. (1995). And see, s. 455.201(2)(a), Fla. Stat. (1995). See also, Horne v. Florida Real Estate Commission, 163 So.2d 515, 517 (Fla. 1st DCA 1964), stating that the purpose of Ch. 475, Fla. Stat., is "to protect the public by permitting only those who possess special qualifications of aptitude, ability and integrity to engage in the business."
[3] Section 455.227(2), Fla. Stat. (1995).
[4] Section 475.25(1), Fla. Stat. (1995).
[5] 25 So.2d 4, 4-5 (Fla. 1946). And see, Ahern v. Florida Real Estate Commission, 6 So.2d 857, 858 (Fla. 1942), stating:
The real estate business has become a highly specialized one and the real estate broker is now the confidant of the public in much the same manner as the lawyer and the banker. His relation to the public exacts the highest degree of trust and confidence and the law imposes on [the real estate commission] the duty of enforcing its standards.
See also, Quinn v. Phipps, 113 So. 419, 425 (Fla. 1927), in which the court stated:
The real estate business is not an avenue by which one may practice the tricks of his trade or prey on the innocent and unsuspecting purchaser, nor is it a cloak to cover fraud and deception, or a means for designing persons to short-circuit those who would deal squarely and in good faith. It is indeed a highly respectable business or profession; its ethics are well defined and presumed to be known to those who patronize or engage in that business. . . .
Accord, Chisman v. Moylan, 105 So.2d 186 (Fla. 2d DCA 1958).
[6] 301 So.2d 493, 494 (Fla. 2d DCA 1974).
[7] See, Nizzo v. Amoco Oil Company, 333 So.2d 491 (Fla. 3d DCA 1976).
[8] See, Stewart v. Stearns Culver Lumber Company, 48 So. 19
(Fla. 1908).
[9] See, Stewart, supra; Wall v. Bureau of Lathing Plastering of Dade County, 117 So.2d 767 (Fla. 3d DCA 1960).
[10] Wechsler v. Novak, 26 So.2d 884 (Fla. 1946) (the general right to contract is subject to limitation that agreement must not violate Federal or State Constitutions or state statutes or ordinances of a city or town or some common law); Bond v. Koscot Interplanetary, Inc., 246 So.2d 631 (Fla. 4th DCA 1971), appeal after remand, 276 So.2d 198 (Fla. 4th DCA 1973) (agreement which violates statute or is contrary to public policy is illegal, void and unenforceable as between the parties); Department of Motor Vehicles v. Mercedes-Benz of North America, Inc., 408 So.2d 627
(Fla. 2d DCA 1981) (on grounds of public policy, clauses in a contract which violate a statutory provision are nugatory and will not be given effect).