COWART, Judge.
This case involves how section 475.-25(1)(d), Florida Statutes (1981), which requires a real estate licensee to account and deliver held property, applies to a real estate broker who withholds a commission due a salesman and holds it as a setoff against a claim for damages the broker has against the salesman.
While employed by appellant Gerald Go-lub, a real estate broker, Michael Senia, a salesman, earned part of a commission that was payable monthly. Senia left Golub’s employment and Golub retained as a setoff further commission payments due Senia claiming Senia took property belonging to Golub and that Senia had wrongfully caused Golub to suffer legal damages as to a later real estate sale. Senia complained to the Florida Department of Professional Regulation (DPR), and DPR directed Golub to send Senia and DPR an accounting of commissions due Senia. Later DPR filed an administrative complaint against Golub and a hearing examiner found Golub’s failure to give Senia or DPR an accounting or delivery of the commission due Senia violated the provisions of section 475.25(1)(d), Florida Statutes (1981), and that even if Golub had good faith reasons to not deliver Senia’s commission Golub was required to exercise one of the three escape procedures in the statute. Accordingly, DPR fined Golub $1,000 and suspended his license for 90 days and he appeals.
Our examination of the relevant statute leads us to believe that it was originally intended to protect the public from an unscrupulous licensee who failed to account for and deliver property which had come into his hands (usually as escrowed funds) and which the licensee did not own or have the legal right to retain. Cannon v. Florida Real Estate Commission, 221 So.2d 240 (Fla. 4th DCA 1969), cert. den., 226 So.2d 817 (Fla.1969), held that the statute did not apply where, as here, a broker withholds commissions from a salesperson because the broker claims a setoff against the commissions. After Cannon the legislature amended the first of the three sentences in the relevant statutory sub-section to cause it to also relate to the failure of a licensee to account or deliver to another licensee.
The first sentence of section 475.-25(1)(d) states in part that a licensee may be disciplined for failure to account or deliver, upon demand of any person entitled to such accounting and delivery, personal property which is not the licensee’s property or which he is not in law or equity entitled to retain under the circumstances. Because of the word “and” in the phrase “accounting and delivery” a violation of this statute occurs only if the person demanding the accounting or delivery was entitled to the delivery. However, the second and third sentences of this statutory sub-section provides for “escape procedures” that a licensee must utilize to avoid the accounting and delivery when the licensee “entertains doubt” as to entitlement of one demanding an accounting or when faced with conflicting demands for the property. The appealed order adopts the position that Golub was required to resort *231 to the escape procedures or promptly provide the requested accounting. However, those sentences relating to the escape procedures relate only to conflicting claims to “escrowed property,” to which it repeatedly refers, such as was involved in Grieser v. Myers, 267 So.2d 673 (Fla. 4th DCA 1972), cert. den., 273 So.2d 766 (Fla.1973), and not to contested commission fees as is involved in this ease. See Fleischman v. Dept. of Professional Reg., 441 So.2d 1121 (Fla. 3d DCA 1983).
As it was not established that Go-lub was not legally entitled to retain the commission as a setoff it was not established that Senia was entitled to delivery of the commissions and as the commissions were not “escrowed property” Golub was not required to use one of the escape procedures. Therefore, Golub was improperly disciplined and the appealed administrative order is reversed and set aside. Once there is a judicial determination that a broker is not entitled to retain non-escrowed property then this statute is authority to discipline the broker for a failure to account and deliver the property to any person, including a salesman, who is entitled to its possession.
REVERSED.
MILLER, ROBERT P., Associate Judge, concurs.
FRANK D. UPCHURCH, Jr., J., dissents with opinion.