555 So.2d 1280 (1990)
STATE of Florida, Petitioner,
v.
Jamal ASFOUR, Respondent.
No. 89-2832.
District Court of Appeal of Florida, Fourth District.
January 4, 1990.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joan Fowler, Asst. Atty. Gen., West Palm Beach, for petitioner.
Robert E. Stone, Vero Beach, for respondent.
PER CURIAM.
The state's petition for writ of certiorari seeks review of the trial court's order, granting respondent's motion in limine and ruling that a videotaped initial police interview of a child who was an alleged victim of sexual battery was inadmissible at trial. Finding that there has been a violation of a clearly established principle of law resulting in a miscarriage of justice, we grant the writ and quash the challenged order. See State v. Pettis, 520 So.2d 250 (Fla. 1988).
*1281 At the hearing on respondent's motion, the trial court addressed the issue of whether the videotape was "hearsay" or "direct testimony" and considered whether section 90.803(23), Florida Statutes (1987),[1] or section 92.53, Florida Statutes (1987),[2] *1282 was applicable to the videotape. The court held that the videotape was "direct testimony" rather than "hearsay," and that section 92.53 was applicable rather than section 90.803(23). In so holding, the trial court departed from the essential requirements of law.
The child's out-of-court statement given to the police, whether it was videotaped or not, is hearsay. Merely videotaping the out-of-court statement did not transform it into an in-court statement. Frequently, defendants' and witnesses' statements to police officers are audio or videotaped. Such statements are still hearsay, however, and must therefore fall within some exception to the hearsay rule in order to be admissible at trial.
Section 92.53, Florida Statutes (1987), provides a method whereby an out-of-court statement can be treated as an in-court statement. Section 92.53 is not applicable, however, to an already existing hearsay statement such as the challenged videotape in the instant case.
Section 90.803(23), Florida Statutes (1987), provides a hearsay exception for statements of certain child victims of sexual offenses. All of the requirements of the statute must be met, however, before such hearsay statements are admissible. See Perez v. State, 536 So.2d 206 (Fla. 1988), cert. denied, ___ U.S. ___, 109 S.Ct. 3253, 106 L.Ed.2d 599 (1989). Section 90.803(23) comes into play when a videotaped statement is taken at the investigatory stage of a case, whereas section 92.53 comes into play at the pretrial stage, when the state wishes to videotape the testimony of a child to be used in lieu of testimony in court.
Because of its initial error regarding the applicability of sections 92.53 and 90.803(23), the trial court never entertained the question of whether the videotape was "admissible" pursuant to section 90.803(23). On remand, that question must be addressed prior to admitting the videotape into evidence.
It is evident from the transcript of the hearing that the state was ill prepared, at that time, to prove that the videotape was admissible under section 90.803(23). Since it was never given the opportunity to offer proof on that issue due to the trial court's determination that section 90.803(23) was inapplicable, the state's lack of preparedness is of no consequence. We do not find that the videotape is admissible pursuant to section 90.803(23), but conclude that section 90.803(23) is applicable and that the trial court should apply that statute, on remand, with guidance from the Perez case, prior to admitting the videotape into evidence.
ANSTEAD, GLICKSTEIN and DELL, JJ., concur.
NOTES
[1] Section 90.803(23), Florida Statutes (1987), provides:

(23) HEARSAY EXCEPTION; STATEMENT OF CHILD VICTIM OF SEXUAL ABUSE OR SEXUAL OFFENSE AGAINST A CHILD. 
(a) Unless the source of information or the method or circumstances by which the statement is reported indicates a lack of trustworthiness, an out-of-court statement made by a child victim with a physical, mental, emotional, or developmental age of 11 or less describing any act of child abuse, sexual abuse, or any other offense involving an unlawful sexual act, contact, intrusion, or penetration performed in the presence of, with, by, or on the declarant child, not otherwise admissible, is admissible in evidence in any civil or criminal proceedings if:
1. The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability. In making its determination, the court may consider the mental and physical age and maturity of the child, the nature and duration of the abuse or offense, the relationship of the child to the offender, the reliability of the assertion, the reliability of the child victim, and any other factor deemed appropriate; and
2. The child either:
a. Testifies; or
b. Is unavailable as a witness, provided that there is other corroborative evidence of the abuse or offense. Unavailability shall include a finding by the court that the child's participation in the trial or proceeding would result in a substantial likelihood of severe emotional or mental harm, in addition to findings pursuant to s. 90.804(1).
(b) In a criminal action, the defendant shall be notified no later than 10 days before trial that a statement which qualifies as a hearsay exception pursuant to this subsection will be offered as evidence at trial. The notice shall include a written statement of the content of the child's statement, the time at which the statement was made, the circumstances surrounding the statement which indicate its reliability, and such other particulars as necessary to provide full disclosure of the statement.
(c) The court shall make specific findings of fact, on the record, as to the basis of its ruling under this subsection.
[2] Section 92.53, Florida Statutes (1987), provides:

Sexual abuse or child abuse case; videotaping of testimony of victim or witness under age 16.
(1) On motion and hearing in camera and a finding that there is a substantial likelihood that a victim or witness who is under the age of 16 would suffer at least moderate emotional or mental harm if he were required to testify in open court or that such victim or witness is otherwise unavailable as defined in s. 90.804(1), the trial court may order the videotaping of the testimony of the victim or witness in a sexual abuse case or child abuse case, whether civil or criminal in nature, which videotaped testimony is to be utilized at trial in lieu of trial testimony in open court.
(2) The motion may be filed by:
(a) The victim or witness, or the victim's or witness' attorney, parent, legal guardian, or guardian ad litem;
(b) A trial judge on his own motion;
(c) Any party in a civil proceeding; or
(d) The prosecuting attorney or the defendant, or the defendant's counsel.
(3) The judge shall preside, or shall appoint a special master to preside, at the videotaping unless the following conditions are met:
(a) The child is represented by a guardian ad litem or counsel;
(b) The representative of the victim or witness and the counsel for each party stipulate that the requirement for the presence of the judge or special master may be waived; and
(c) The court finds at a hearing on the motion that the presence of a judge or special master is not necessary to protect the victim or witness.
(4) The defendant and the defendant's counsel shall be present at the videotaping, unless the defendant has waived this right. The court may require the defendant to view the testimony from outside the presence of the child by means of a two-way mirror or another similar method that will ensure that the defendant can observe and hear the testimony of the child in person, but that the child cannot hear or see the defendant. The defendant and the attorney for the defendant may communicate by any appropriate private method.
(5) Any party, or the court on its own motion, may request the aid of an interpreter, as provided in s. 90.606, to aid the parties in formulating methods of questioning the child and in interpreting the answers of the child throughout proceedings conducted under this section.
(6) The motion referred to in subsection (1) may be made at any time with reasonable notice to each party to the cause, and videotaping of testimony may be made any time after the court grants the motion. The videotaped testimony shall be admissible as evidence in the trial of the cause; however, such testimony shall not be admissible in any trial or proceeding in which such witness testifies by use of closed circuit television pursuant to s. 92.54.
(7) The court shall make specific findings of fact, on the record, as to the basis for its ruling under this section.