DIAMANTIS, Judge.
Appellant, Yolanda Jean Ramsey, appeals a final order of the Florida Real Estate Commission suspending for three years her license as a real estate broker for an alleged violation of section 475.25(l)(d), Florida Statutes (1989). The Commission concluded that Ramsey failed to pay commissions from non-escrowed funds that came into her hands. These commissions were earned by and payable to her former salesperson, Sandra Hawley. Ramsey appeals the sufficiency of the evidence to sustain the finding that the funds came into her hands. We agree with Ramsey and, therefore, reverse the three year suspension of her broker’s license.
The evidence reveals that the commissions were due Hawley and that she had obtained a judgment against Ramsey for the amount of the commissions. However, the evidence does not show that the funds ever directly or indirectly came into Ramsey’s hands. The unrefuted testimony was that the commissions earned by Hawley were not held in the Ramsey Realty’s escrow account nor directly received by Ramsey. The record reflects that the sale of various units of real property from which these commissions derived closed at a certain title company which, according to Hawley, was controlled by Ramsey and Ramsey’s husband. However, there is no evidence in the record that the title company at these closings received any funds available or allocable to commissions.[1] Consequently, there was not sufficient evidence in the record to support the suspension of Ramsey’s real estate license. We note in this regard that the parties have stipulated that the applicable burden of proof is the clear and convincing standard. See, e.g. Ferris v. Turlington, 510 So.2d 292 (Fla.1987).
Appellee, Department of Professional Business Regulation, relied on the fact that Hawley obtained a judgment against Ramsey for these commissions to establish the fact that the necessary funds to pay the commissions came into the hands or control of Ramsey. To support its position, the Department cites the case of Golub v. Department of Professional Regulation, 450 So.2d 229 (Fla. 5th DCA 1984). The Department relies on the language in Golub which states:
[o]nce there is a judicial determination that a broker is not entitled to retain non-escrowed property then this statute is authority to discipline the broker for failure to account and deliver the property to any person, including a salesman, who is entitled to its possession, (emphasis added.)
Id., at 231. The Commission overlooks the fact in Golub that the broker had control or possession of the funds in dispute between himself and his salesperson.
Accordingly, we reverse the Florida Real Estate Commission’s order which suspended Ramsey’s real estate license for three years.
REVERSED.
PETERSON and GRIFFIN, JJ., concur.

. The Commission evidently made no effort to trace the proceeds of the sales of the units that generated the commissions. Indeed, the hearing officer made a specific finding of fact that "(a)fter Hawley was terminated, the manner in which Ramsey received Hawley's earned commissions and their subsequent disposition are not of record.”