639 So.2d 1022 (1994)
Chester ZMIJEWSKI, Marci Zmijewski, and Joshua Zmijewski, by His Next Friend, Chester Zmijewski, Appellants,
v.
B'NAI TORAH CONGREGATION OF BOCA RATON, INC., and Samuel Sheck Hillel Day School and Juan Maurice Direus, a Florida Resident, Appellees.
No. 93-0822.
District Court of Appeal of Florida, Fourth District.
July 6, 1994.
*1023 Donald S. Hershman of Hershman & Roth, and Rick A. Saturn, Boca Raton, for appellants.
John S. Freud and Allan S. Reiss of John S. Freud, P.A., Miami, for appellee Samuel Sheck Hillel Day School.
Richard A. Sherman and Rosemary B. Wilder of Richard A. Sherman, P.A., and Jay B. Green of Green, Haverman & Ackerman, P.A., Fort Lauderdale, for appellee B'Nai Torah Congregation of Boca Raton, Inc.
POLEN, Judge.
The parents of a minor child appeal from a final summary judgment entered against them on their complaint for negligence and breach of contract against the B'Nai Torah Congregation of Boca Raton, the Hillel Community Day School and the school's janitor for the alleged sexual abuse of their son. We reverse.
The complaint alleged that in October 1990 the mother went to the Hillel school to pick up the child and found him disheveled and crying, with a white substance on his mouth, cheek and shirt. It further alleged that one month later the child told the mother that the janitor had sexually molested him. The parents relied upon the affidavits of two experts to establish the abuse. Dr. Michael Geraldi, a specialist in child sexual abuse, stated that he examined the child in November of 1990 and concluded that at a minimum the child's penis and anus had been fondled. The affidavit of Dr. Sarah Siciliano, a psychologist, concluded that the child presented the psychological profile of a child who had experienced sexual abuse. The parents also relied upon the mother's affidavit which recited that her son had disclosed that he had been sexually molested by the janitor at the school.
The defendants sought to compel the deposition of the child. The parents opposed the motion on grounds that the child would not be testifying at trial. The defendants then filed motions for summary judgment on grounds that without the child's testimony there would be no admissible evidence that a molestation had occurred since there were no witnesses to the incident, no physical evidence of a sexual battery, and the affidavits were based entirely on hearsay. The parents argued that the affidavits were admissible *1024 under section 90.803(23), Florida Statutes (1991), which provides:
HEARSAY EXCEPTION; STATEMENT OF CHILD VICTIM. 
(a) Unless the source of information or the method or circumstances by which the statement is reported indicates a lack of trustworthiness, an out-of-court statement made by a child victim with a physical, mental, emotional, or developmental age of 11 or less describing any act of child abuse or neglect, any act of sexual abuse against a child ... with, by or on the declarant child, not otherwise admissible, is admissible in evidence in any civil or criminal proceeding if:
1. The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability ...; and

2. The child either:
a. Testifies; or
b. Is unavailable as a witness, provided that there is other corroborative evidence of the abuse or offense. Unavailability shall include a finding by the court that the child's participation in the trial or proceeding would result in a substantial likelihood of severe emotional or mental harm, in addition to findings pursuant to s. 90.804(1).
(Emphasis added.)
The parents asked the court to conduct a section 90.803(23) hearing to determine if the affidavits were admissible. Although the court was initially inclined to have the hearing, it later decided that the statutory requirements hadn't been met and instead entered summary judgment in favor of the defendants.
The parents now argue on appeal that the affidavits of the two doctors and the mother are admissible under section 90.803(23) and that the trial court erred by failing to conduct a hearing to determine whether the child's statements to the doctors were reliable and admissible.
We agree that the trial court was required to conduct a hearing to determine whether the hearsay statements which the child made to his mother and the doctors were reliable. The proper procedure for conducting a section 90.803(23) hearing is discussed in State v. Townsend, 635 So.2d 949 (Fla. 1994); Feller v. State, 637 So.2d 911 (Fla. 1994); and Perez v. State, 536 So.2d 206 (Fla. 1988), cert. denied, 492 U.S. 923, 109 S.Ct. 3253, 106 L.Ed.2d 599 (1989).[1]
State v. Townsend, 635 So.2d 949 (Fla. 1994) concerned the admissibility of a two-year-old's hearsay statements in a child sexual abuse case. There the trial court conducted a hearing pursuant to section 90.803(23) to determine whether the child's hearsay statements were sufficiently reliable to allow the admission of those statements at trial. The trial court listed each statement to be considered and then concluded without explanation that the circumstances surrounding most of the statements showed them to be trustworthy. The case proceeded to trial. At trial the state presented a psychologist who testified as to a number of statements made by the child and concluded that the child had been sexually abused. Townsend was convicted and appealed. The district court reversed, found the child's testimony to be inadmissible and granted a new trial, but certified the question of whether the child had been unavailable to testify within the meaning of section 90.803(23)(a)(2). The Florida Supreme Court approved the decision of the district court and remanded for a new trial, explaining that for a hearsay statement to be admitted (1) the source of the information through which the statement was reported must indicate trustworthiness, and (2) the time, content, and circumstances of the statement must reflect that the statement provides sufficient safeguards of reliability. The court went on to explain that the courts have consistently found trial courts to have committed reversible error when those courts have failed to place on the record specific findings indicating the basis for determining the reliability of a child's statements introduced as hearsay.
*1025 In addition to the criteria contained in section 90.803(23)(a)(1) for determining whether a hearsay statement is trustworthy and reliable, the court also set forth other factors:
Other factors may include ... a consideration of the statement's spontaneity; whether the statement was made at the first available opportunity following the alleged incident; whether the statement was elicited in response to questions from adults; the mental state of the child when the abuse was reported; whether the statement consisted of a child-like description of the act; whether the child used terminology unexpected of a child of similar age; the motive or lack thereof to fabricate the statement; the ability of the child to distinguish between reality and fantasy; the vagueness of the accusations; the possibility of any improper influence on the child by participants involved in a domestic dispute; and contradictions in the accusation. (citations omitted.) In sum, as noted by the United States Supreme Court in [Idaho v.] Wright [497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990)], a court is to use a totality of the circumstances evaluation in determining reliability. As previously noted, however, a court should not consider other corroborating evidence to determine the reliability of the child's statement. Wright.

Townsend, 635 So.2d at 957-58.
In addition to these reliability requirements the hearsay statement of a child victim is considered admissible only if the child testifies or is judicially found to be unavailable as a witness. A child is unavailable if the court finds based on expert testimony that a substantial likelihood exists that the child will suffer severe emotional or mental harm if the child testifies or if the child falls within the definitions for unavailability set forth in section 90.804(1).
Finally the Townsend court considered whether the trial judge had erroneously allowed the psychologist to comment on the truthfulness of the child. The court concluded that an expert may testify concerning a child's ability to comprehend the difference between telling the truth and telling a lie for purposes of determining whether the child is competent to testify at trial. But an expert is prohibited from commenting as to the truthfulness or credibility of a witness's statements in general.
The court also explained that a medical expert witness may testify as to whether, in the expert's opinion, the behavior of a child is consistent with the behavior of a child who has been sexually abused. But when an expert testifies regarding how a child behaved with anatomically correct dolls, the trial court must evaluate the testimony under the requirements of section 90.803(23) just as with any other hearsay statements. Furthermore the court stated that contacts between a child and an expert evaluating the child for sexual abuse should be videotaped to ensure the trustworthiness of the communications and to ensure that the expert did not lead the child during the evaluation.
Applying Townsend to the instant case we conclude that the trial court erred in failing to conduct a 90.803(23) hearing and in failing to make the findings required by that section. We reverse and remand with directions to the trial court to conduct a hearing pursuant to section 90.803(23), which would include inquiry regarding the time, content and circumstances of the statements which the child made to the mother and the doctors, to determine whether they were reliable.
Appellees correctly point out that we do not know from the affidavits exactly what statements the child made in order to determine their admissibility. To be sure, the affidavits are couched in terms such as "I learned from my son for the first time that he had been sexually molested by the janitor at the school...." In the trial court's conduct of the section 90.803(23) hearing, it will be necessary to determine, as far as possible, what actual statements were made by the child, in determining their reliability.
The parents argue that they met the additional requirement of section 90.803(23) that there be other corroborative evidence of the abuse. We find that within the affidavits of Dr. Geraldi, Dr. Siciliano and the mother there is evidence to satisfy this additional *1026 requirement of corroboration. The affidavits of the doctors state their professional opinions that the child was exhibiting signs of having been sexually abused. The affidavit of the mother also provided corroborative evidence of the abuse since she stated that she had picked up the child at school in a dazed condition, that he was crying hysterically, and had a clear, white crusty substance from his mouth to his cheek. These affidavits contained corroborative evidence which was independent from the child's hearsay statements.
We reject the defendants' argument that the affidavits are in conflict. Although the doctors' affidavits suggest that there was possible anal penetration, whereas the mother's affidavit suggests oral molestation, that does not make the two affidavits inconsistent. Since the mother indicated that her son had told her that he had been molested numerous times, both types of molestation could have occurred.
As to the parents' alternative argument that if there was insufficient evidence to proceed to trial then the trial court should have ordered the videotaped testimony of the child, we find that this issue is premature. Whether videotaping is necessary is a matter for the trial court to consider after it conducts the hearing discussed above and determines whether the child's statements are reliable and admissible. We do however direct the court's attention to Feller v. State, 637 So.2d 911 (Fla. 1994) for a discussion of the procedure in allowing a child witness to testify by means of videotape.
Reversed and remanded for a 90.803(23) hearing and further proceedings consistent herewith.
GUNTHER and STONE, JJ., concur.
NOTES
[1] Although these are criminal cases the statute applies to both civil and criminal cases. See e.g., section 90.803(23)(b).