744 So.2d 1068 (1999)
Jane DOE, individually and as Natural Guardian and Next Friend of C.B., a Minor, Appellant,
v.
BROWARD COUNTY SCHOOL BOARD and YMCA, Appellees.
No. 98-1527.
District Court of Appeal of Florida, Fourth District.
September 22, 1999.
Rehearing Denied November 17, 1999.
*1070 Richard B. Doyle, Jr., of Loughren & Doyle, P.A., Fort Lauderdale, for appellant.
Edward D. Schuster of Massey, Coican & Schuster, L.L.C., Fort Lauderdale, for Appellee-Broward County School Board.
Rosemary B. Wilder and Richard A. Sherman of the Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, and J. Frank Beauchamp, III, of Carman, Beauchamp, Sang & Hanenian, P.A., Deerfield Beach, for Appellee-YMCA.
STEVENSON, J.
This is an appeal from a final summary judgment for the defendants, Broward County School Board and the Young Men's Christian Association (YMCA), in a personal injury lawsuit for negligent supervision stemming from an alleged sexual assault of a minor in appellees' care. Ruling on a motion in limine, the trial court determined that the victim's hearsay statements were not admissible under the child victim hearsay exception, section 90.803(23), Florida Statutes (1997). The trial court also found that the enactment of subsection 90.803(23) preempted all other hearsay exceptions for out-of-court statements by a child victim describing the offense or identifying the perpetrator. Because the trial court's ruling on the motion in limine left appellant with no evidence with which to prove her case, summary judgment was subsequently entered for the appellees. We affirm the trial court's determination that the requirements of section 90.803(23) were not met, but we find that the trial court erred in ruling that section 90.803(23) is the sole means by which hearsay statements by a child victim of abuse may be admissible in court. We reverse and remand so that appellant may seek the admission of the minor's out-of-court statements under any other applicable hearsay exception.
C.B., a trainable mentally disabled child born with Down's Syndrome, attended Pinewood Elementary School in Broward County. C.B. participated in an after-school program administered by the YMCA in the school's cafeteria. According to appellant, C.B.'s mother, when she picked up C.B. from the after-school program on February 28, 1992, the child was agitated and very upset. That evening, appellant bathed the child "in order to calm her," during which, appellant alleges that C.B. confided that a mentally disabled male in the aftercare program digitally penetrated her vagina. Appellant claims that C.B. said that a lady discovered the children in the bathroom together, but the identity of this person has not been determined. C .B. repeated the accusations to several others, including her psychologist.
Appellant sued the Broward County School Board and the YMCA for negligent supervision. Prior to trial, C.B. underwent a psychological evaluation. Relying upon the mother's testimony that she did not want the child to testify, and a report from the psychologist, the trial court found C.B. unavailable to testify pursuant to section 90.803(23)(a)2.b. because the child's participation at trial would result in substantial likelihood of emotional or mental harm. Appellees made an ore tenus motion in limine to exclude from trial C.B.'s hearsay statements to her mother and the psychologist on the ground that the hearsay statements were not admissible pursuant to section 90.803(23) because C.B. was unavailable and there was no corroborating evidence of the incident. The trial court granted the motion in limine. Thereafter, the trial court granted summary judgment on behalf of appellees based upon the court's conclusion that section 90.803(23) preempted all other hearsay exceptions, and as a result, appellant had no evidence with which to prove her case.

*1071 Child victim hearsay exception

Section 90.803(23) was enacted as part of a legislative package dealing with children in judicial proceedings in which the 1985 session of the Florida legislature attempted to balance the need for reliable out-of-court statements of child abuse victims against the rights of the accused. See Ch. 85-53, Whereas Clause, at 140, Laws of Fla. Section 90.803(23) is an exception to the hearsay rule which permits the introduction of hearsay statements of a child victim of abuse when the trial court conducts a preliminary hearing outside of the presence of the jury and determines that the statements are reliable and (1) either the child testifies, or (2) the child is unavailable as a witness and there is other corroborative evidence of the abuse.
Initially, appellant argues that C.B.'s hearsay statements were admissible under section 90.803(23) because C.B. would "testify"via her videotaped deposition. Section 92.53, Florida Statutes (1997)(Videotaping of testimony of victim or witness under the age of 16 or person with mental retardation), outlines the procedure to be followed when a child victim's videotaped testimony is to be utilized at trial in lieu of live testimony. A videotaped statement of a child taken pursuant to section 92.53 is admissible in court and satisfies the requirement in section 90.803(23) that the child testify in order to admit out-of-court statements. See Glendening v. State, 536 So.2d 212 (Fla.1988). Section 92.53 delineates specific procedural requirements which must be met, including the filing of a motion, a finding by the trial court that the child would suffer at least moderate emotional or mental harm due to the presence of the defendant, the presence of the opposing party and their counsel at the videotaping, and the trial judge's or special master's precedence over the videotaped proceedings or the waiver of this requirement. See § 92.53, Fla. Stat.; Feller v. State, 637 So.2d 911, 914 (Fla.1994).
Because C.B.'s deposition was not videotaped in compliance with section 92.53, we agree that these out-of-court statements are not admissible as the equivalent of testimony in open court pursuant to section 90.803(23). Appellant did not file a motion requesting that the trial court videotape C.B.'s testimony pursuant to section 92.53, and there was no notice to the opposing parties that appellant would seek to use the videotaped testimony in lieu of C.B.'s actual testimony. The fact that the deposition was not made in contemplation that it would be used as testimony in lieu of C.B.'s testimony in open court is illustrated by the deposition itself. In the deposition, the attorneys asked C.B. her age, school, and favorite subject. C.B. was never questioned about the alleged incident of sexual abuse. Section 92.53 does not convert ordinary depositions or other hearsay statements into admissible testimony merely because they were preserved by videotaping. See Glendening, 536 So.2d at 212; State v. Asfour, 555 So.2d 1280 (Fla. 4th DCA 1990)(finding that videotaped initial police interview with alleged child victim of sexual abuse was not testimony pursuant to sections 92.53 or 90.803(23)).
Alternatively, appellant maintains that C.B.'s hearsay statements were admissible under section 90.803(23) because C.B. was "unavailable" and there was other corroborating evidence of the abuse. The psychologist that examined C.B. stated at his deposition that "[C.B.'s] presentations... suggested that something did occur, her overall behavior as of late and her behavior in the bathtub would suggest the same." In addition, appellant stated that C.B. was agitated and was very upset following the alleged incident. Based on the record, we cannot say that the trial court abused its discretion in determining that the corroborating evidence in the instant case was insufficient to comply with the requirements of section 90.803(23). As the trial judge pointed out, "there were no witnesses to the alleged incident and no *1072 medical [physical] findings to support that the abuse occurred, ... and the other testimony is insufficient to establish corroborative evidence that the incident or offense did, in fact, occur."
Appellant relies on Zmijewski v. B'Nai Torah Congregation of Boca Raton, Inc., 639 So.2d 1022 (Fla. 4th DCA 1994), for its argument that the corroboration in the instant case was sufficient. We find Zmijewski distinguishable. There, the corroboration of the sexual abuse, which was found sufficient under section 90.803(23), included not only the professional opinions of two doctors that the child was exhibiting signs of having been sexually abused, but also the affidavit of the mother, stating "that she had picked up the child at school in a dazed condition, that he was crying hysterically, and had a clear, white crusty substance from his mouth to his cheek." Id. at 1026. In addition to the physical corroborative evidence presented by the mother, the doctors' affidavits suggested that there was possible anal penetration. See id.

Other hearsay exceptions potentially applicable in child abuse cases
Appellant also argues that the trial court erred in concluding that section 90.803(23) was the exclusive method by which hearsay statements by a child victim may be admitted into evidence. She contends that the trial court erred in failing to determine whether C.B.'s out-of-court statements were admissible under the excited utterance exception to the hearsay rule,[1] or whether her out-of-court statements to the psychologist were admissible under the medical treatment and diagnosis exception to the hearsay rule.[2] We agree.
Appellees rely on State v. Jones, 625 So.2d 821 (Fla.1993), to argue that section 90.803(23), is the only method by which hearsay statements by a child victim may be admitted into evidence. The Florida Supreme Court, in Jones, addressed whether a child's statements regarding the identity of her abuser were admissible under the medical treatment and diagnosis exception. The court acknowledged that Florida courts have followed the rule that statements to medical personnel identifying the perpetrator are not admissible under the medical diagnosis and treatment exception because statements of fault or identity generally are not made to promote effective treatment, and physicians rarely have reason to rely on statements of identity in making decisions regarding diagnosis or treatment. See id. The First District, however, had expanded this rule in Flanagan v. State, 586 So.2d 1085, 1092-99 (Fla. 1st DCA 1991), approved in part, 625 So.2d 827 (Fla.1993), by adopting the holding in United States v. Renville, 779 F.2d 430 (8th Cir.1985), that statements of identity by child victims of sexual abuse to medical personnel can be reasonably pertinent to medical diagnosis or treatment when the perpetrator is a member of the victim's family. In Jones, the Florida Supreme Court rejected this holding in Flanagan. Relying on the legislative history of section 90.803(23), which indicated that the Florida legislature rejected proposals to expand the medical diagnosis or excited utterance exceptions in ways that would accommodate statements by victims of abuse in favor of an exception specifically applicable to child victims, the court determined that section 90.803(23) was the appropriate exception to admit a child victim's hearsay statements regarding the identity of the perpetrator. See Jones, 625 So.2d at 825.
A close reading of Jones indicates that the case stands only for the proposition that the identity of the perpetrator is not admissible under the medical diagnosis and treatment exception to the hearsay rule. Jones does not suggest that section 90.803(23) is the only hearsay exception *1073 which applies to out-of-court statements of a child victim.[3]
In conclusion, we find that the trial court erred in finding that section 90.803(23) preempts all other hearsay exceptions when the out-of-court statements are made by a child victim of abuse. Accordingly, we reverse the final summary judgment on appeal and remand this case for the trial court to determine whether C.B.'s out-of-court statements to the psychologist, not relating to the identity of the perpetrator, are admissible under the medical diagnosis and treatment exception and whether C.B.'s out-of-court statements to her mother are admissible at trial as excited utterances.
REVERSED and REMANDED.
WARNER, C.J., and KREEGER, JUDITH L., Associate Judge, concur.
NOTES
[1] See § 90.803(4), Fla. Stat.
[2] See § 90.803(2), Fla. Stat.
[3] The supreme court, in Jones, held that although the statements at issue were not admissible under the medical diagnosis and treatment exception, they were admissible under section 90.801(2)(b) as prior consistent statements by the child to rebut charges of recent fabrication and improper influence. See 625 So.2d at 826.