782 So.2d 1024 (2001)
R.U., Appellant,
v.
DEPARTMENT OF CHILDREN & FAMILIES, Appellee.
No. 4D00-1586.
District Court of Appeal of Florida, Fourth District.
May 9, 2001.
Kristine M. Johnson of Kristine M. Johnson, P.A., Pembroke Pines, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, Jill Bennett, Senior Assistant Attorney General, and William M. Wittman, Assistant Attorney General, Fort Lauderdale, for appellee.
Prior report: 777 So.2d 1153.

ON MOTION FOR REHEARING AND REHEARING EN BANC
PER CURIAM.
We deny the motion for rehearing and the motion for rehearing en banc.
We find no conflict with Zmijewski v. B'Nai Torah Congregation of Boca Raton, Inc., 639 So.2d 1022 (Fla. 4th DCA 1994). The corroborative evidence in that case included a physician-specialist in child sexual abuse who concluded "that at a minimum the child's penis and anus had been fondled." Id. at 1023. Also, a psychologist in Zmijewski opined that the "child presented the psychological profile of a child who had experienced sexual abuse." Id. In this case, the family therapist's more subjective impressions did not rise to such a level of specificity concerning the abuse alleged.
Also, Idaho v. Wright, 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990), does not control this case. The original opinion in this case was not decided on constitutional grounds as to whether the hearsay violated the defendant's rights under the Confrontation Clause of the Sixth Amendment. Rather, this case was based on the wording of section 90.803(23)(a)2.b., Florida Statutes (2000). The state's concerns about the wisdom of the corroboration requirement are properly addressed to the legislature.
Finally, we address the state's suggestion that we follow federal case law for *1025 "the proposition that hearsay statements should be admitted simply if they are deemed to be reliable." Wright involved a state statute similar to Federal Rule of Evidence 803(24), the "catch-all" exception to the hearsay rule, which allows a trial judge to recognize additional exceptions to the hearsay rule whenever sufficient circumstantial guarantees of reliability are present. CHARLES W. EHRHARDT, FLORIDA EVIDENCE § 802.1 (1999 ed.). The drafters of the Florida Evidence Code did not include a similar provision in the Florida Code. As Professor Ehrhardt has written:
The drafters of the [Florida] [c]ode felt that one of the chief reasons for the adoption of a code of evidence was to lend certainty and predictability to the law of evidence. The inclusion of a "wide-open" or "catch-all" exception to the hearsay rule, similar to the ones in the Federal Rules, would have negated this purpose.
Id.
DELL, KLEIN and GROSS, JJ., concur.