875 So.2d 693 (2004)
Noreen Foley DJOKIC and Jeanette Teufel, Appellants,
v.
DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION, DIVISION OF REAL ESTATE, STATE OF FLORIDA, Appellee.
No. 4D02-3685.
District Court of Appeal of Florida, Fourth District.
June 2, 2004.
*694 Elaine L. Thompson, Lake Worth, for appellants.
Gail Scott Hill, Tallahassee, for appellee.
FARMER, C.J.
Two licensees, one as a real estate broker and the other as a real estate sales person, both of whom had worked for a registered employer, appeal the Florida Real Estate Commission's (FREC's) finding of guilt in a license discipline proceeding and the imposition of fines. Because we conclude that the finding of guilt is unsupported by the evidence and statute, we reverse.
Essentially the facts are simple. After the broker and sales person were terminated by their employing firm, they were authorized to attend the closing on a contract they had handled for the firm. Shortly before the closing, another former employee of the same firm warned them that the owner of the firm would not pay them their full share of the commission because of their termination.
Accordingly, after the closing successfully completed, they called the firm to see if they could exchange the full commission check delivered at the closing for checks in the amount of the share of each. The firm declined to do so. They immediately sought the advice of counsel, who directed them to deliver the closing check to him and he would handle the matter on their behalf. Their attorney promptly notified the firm and proffered delivery of the closing check in exchange for commission checks for the two. All this was accomplished within the week after the closing.
The Division of Real Estate (DRE) brought these license discipline charges against them. The administrative complaint principally charged the licensees with violations of section 475.25(1)(d)1. [the section (1)(d) charge], as well as section 475.25(1)(k) [the section (1)(k) charge] for *695 their failure to deliver the closing check directly to their former employer immediately following the closing. See §§ 475.25(1)(d)1.; (k), Fla. Stat. (2003). After a formal adversary hearing, an administrative law judge (ALJ) filed findings of fact, conclusions of law, and a recommended order. Essentially he exonerated the licensees of the section (1)(k) charge but found them guilty of the section (1)(d) charge. DRE filed exceptions to the recommended order, arguing for a finding of guilt as to the section (1)(k) charge as well. FREC agreed with the exceptions and found the licensees guilty on both grounds. We reverse as to both.
First, as to FREC's rejection of the ALJ's findings in regard to the section (1)(k) violation, there is competent evidence to support the ALJ's findings of fact. FREC cannot avoid this evidence by merely reciting that it has read the entire record and saying that there is no competent evidence to support a finding, when there clearly is. Indeed some of the findings are based on the credibility of witnesses, a matter uniquely within the sole competence of the ALJ and not of FREC. See Gross v. Dep't of Health, 819 So.2d 997 (Fla. 5th DCA 2002) (when determining whether to reject or modify findings of fact in an administrative law judge's recommended order, agency is not permitted to weigh evidence, judge credibility of witnesses or interpret evidence to fit its ultimate conclusions). The recommended conclusions as to the section (1)(k) charge follow logically from the ALJ's findings of fact. We therefore find that the record does not support FREC's attempt to resurrect the section (1)(k) charge from the formal hearing's waste bin.
And so we turn to the remaining charge on which FREC based its discipline, the section (1)(d) charge. The statute here authorizes discipline when the licensee:
"has failed to account or deliver to any person, including a licensee under this chapter, at the time which has been agreed upon or is required by law or, in the absence of a fixed time, upon demand of the person entitled to such accounting and delivery, any personal property such as money, fund, deposit, check, draft ... or thing of value, including a share of a real estate commission if a civil judgment relating to the practice of the licensee's profession has been obtained against the licensee and said judgment has not been satisfied in accordance with the terms of the judgment within a reasonable time...."
§ 475.25(1)(d)1., Fla. Stat. (2003).
We follow, of course, the well established rule that penal statuteswhich this surely isare construed in favor of the licensee and against the regulatory authority. See Munch v. Dep't of Prof I Regulation, Div. of Real Estate, 592 So.2d 1136 (Fla. 1st DCA 1992) (section 475.25 is penal in nature and must be construed strictly in favor of one against whom penalty would be imposed). It is also established that section (1)(d)1. is directed only to escrow funds and does not apply to the failure to deliver contested commission fees. See Golub v. Dep't of Prof'l Regulation, 450 So.2d 229 (Fla. 5th DCA 1984); Fleischman v. Dep't of Prof'l Regulation, 441 So.2d 1121 (Fla. 3d DCA 1983), (statute governing discipline of real estate licensees is confined to unjustified refusals of a licensee to account for or return property received in trust or escrow by the licensee in his professional capacity).
Indeed under functionally indistinguishable facts, we explained:
"Chapter 475, was enacted for the purpose of protecting the public in dealings with real estate agents. The role of *696 the judiciary is usurped if the commission is permitted to decide charges which `are predicated upon factual matters pertaining solely to the internal business affairs of a real estate agency'. The administrative processes of the commission should be directed at the `dishonest and unscrupulous operator, one who cheats, swindles or defrauds the General public in handling real estate transactions'.... The relationship between a real estate broker and his sales personnel is contractual in nature. Enforcement of rights thereunder, absent fraud, concealment or dishonest acts, should be by a court of proper jurisdiction rather than by an administrative agency. The instant case involves an internal dispute between broker and saleswoman over payment of an earned commission. [FREC] did not find any dishonest conduct ...." [c.o.]
Cannon v. Fla. Real Estate Comm'n, 221 So.2d 240, 241-42 (Fla. 4th DCA 1969). The dispute in this case is between the licensees and their employing firm as to the proper share of the commission. It is in the nature of an alleged breach of an employment contract. Section 474.25 was not intended to be used to regulate such disputes, in the absence of fraud or a breach of fiduciary duties in regard to escrow deposits or the like, none of which exist here.
REVERSED.
GUNTHER, J., and KRATHEN, DAVID H., Associate Judge, concur.