FARMER, J.
In this license disciplinary hearing the Department of Business and Professional Regulation, Division of Real Estate (DBPR-DRE), charged a real estate broker with five counts of technical accounting violations not involving any defalcation.[1] After a formal hearing, the administrative law judge (ALJ) found her guilty only on counts (4) and (5), exonerating her of the other charges. The ALJ recommended a penalty of suspension for one year, probation for one year, a fine and remedial education. The Florida Real Estate Commission (FREC) adopted all of DBPR-DRE’s exceptions, as well as its recom *661 mendation that the suspension be reduced to 90 days because of mitigating circumstances. On appeal we reverse an increased penalty improperly imposed during a relinquishment of our jurisdiction to the agency for the limited purpose of correcting the final order. We remand with instructions to FREC to enter an order restoring the penalty initially imposed after the final hearing on the recommended order.
DBPR-DRE had filed 13 exceptions to the ALJ’s recommended order. More specifically, DBPR-DRE had objected to the ALJ’s exoneration of the licensee on counts (1) and (8). DBPR-DRE also objected to the recommended penalty on the grounds that it was a departure from the agency’s penalty guidelines. At the final hearing before FREC, DBPR-DRE requested that the licensee be found guilty of all charges except count (2). Conceding that a guidelines penalty of one-year as found by the ALJ would amount to a “severe hardship” on the licensee, DBPR-DRE also requested only a 90-day suspension, a longer probation, and a greater fine.
FREC adopted all of DBPR-DRE’s exceptions. A number of these exceptions, however, involved the agency reweighing the evidence and altering findings of fact of the ALJ supported by evidence. Inexplicably FREC found her guilty on all charges. For the penalty, however, FREC adopted the recommendation of DBPR-DRE and imposed only a 90-day suspension, two-years of probation, a larger fine and remedial education.
Acting pro se, the licensee appealed the final order to this court. Shortly after the appeal was filed, however, DBPR-DRE prepared and filed a joint motion to relinquish jurisdiction to FREC. The stated purpose was to “correct” the final order. No longer represented by counsel, the licensee was said to have authorized DBPR-DRE to say that she joined in the motion. We granted the motion and specified a period of relinquishment.
Upon relinquishment, DBPR-DRE then filed a motion for reconsideration with FREC, the material part of which says:
7. A review of the records of the proceedings reveals that ... [FREC] weighed the evidence and substituted [FREC’s] own evaluation of the evidence for the findings of fact made by the ALJ. In addition, [FREC] made supplemental findings of fact without sufficiently articulating in the Final Order the basis for the actions of [FREC].
8. It is black letter law that an agency may not reweigh evidence ..., judge the credibility of witnesses, or otherwise interpret evidence anew. Brown v. Criminal Justice Standards and Training Comm., 667 So.2d 977 (Fla. 4th DCA 1996).
9. An administrative agency is not permitted to weigh the evidence, judge the credibility of witnesses, or interpret the evidence to fit its ultimate conclusions. Moreover, an agency may not rely on its own expertise to reverse the administrative law judge’s finding that a particular statute was not violated. Gross v. Department of Health, 819 So.2d 997 (Fla. 5th DCA 2002).
10. Thus, a rehearing on the consideration of the Recommended Order and Petitioner’s Exceptions to the Recommended Order is proper.
DBPR-DRE’s motion closed with a prayer that FREC:
“grant the Petitioner’s Motion for Reconsideration, vacate the Final Order, reconsider the Recommended Order and enter an Amended Final Order, together *662 with any other such relief deemed just and proper.”
On the same day as this motion was filed, DBPR-DRE served the licensee with a notice scheduling a hearing before FREC twelve days later. She promptly faxed a letter to DBPR-DRE advising that she would be undergoing surgery, and it was unlikely that she could attend.
Treating her letter as a request for a continuance, FREC proceeded with the hearing in her absence. Counsel for DBPR-DRE advised FREC that if the continuance were granted, the agency might lose jurisdiction because the period of relinquishment was soon to' expire.[2] One member moved to deny the motion for a continuance, stating:
“We’re liable to lose jurisdiction if we grant it.... We’re not going outside the record. It’s not as though she’s prejudiced by not being here. She’s not an attorney, not that non-attorneys can’t make persuasive arguments. But I don’t think there’s prejudice to her by denying it.”
FREC denied a continuance. At that point DBPR-DRE withdrew all of its exceptions to the recommended order of the ALJ and requested that FREC simply adopt the ALJ’s findings of fact and conclusions of law as to all counts. FREC proceeded to do so. DBPR-DRE requested that the original suspension of 90 days be readopted, together with the period of probation, the fine, and the remedial education. At this point, however, things went strangely awry.
Counsel for FREC “advised” the commission that an eight-year suspension is the guideline penalty for a violation based on section 475.25(1)(e) (authorizing punishment for any violation of chapter 475 or of any rule or order arising under chapter 455 or chapter 475). Thereupon, a commissioner immediately moved for an 8-year suspension. The motion did not consider the stipulation of DBPR-DRE that even a one-year suspension would be a severe hardship on the licensee, that in moving for reconsideration the agency had not sought to change the penalty in any way, and the licensee has been given no notice that the original penalty was subject to, or might be, increased upon reconsideration.[3] The motion was summarily adopted. A written order was entered several weeks later, which we now review as the final order in the case after it was returned to this court.
There are a number of reasons why we cannot accept FREC’s modification of the final order’s penalty during relinquishment. First, neither the motion for relinquishment filed in this court, nor the companion motion for reconsideration filed with FREC, gave the licensee any notice or warning that an increase in the penalty would be sought or considered. To the contrary, the motion for reconsideration conveyed only a request that the original final order be modified to restore the findings of fact of the ALJ, which supported guilt on only counts (4) and (5) of the five charges against her. As the motion itself made clear, FREC had no authority to substitute its own fact-finding *663 for the ALJ’s. Djokic v. Dep’t Bus. & Prof. Reg., 875 So.2d 693 (Fla. 4th DCA 2004). FREC is not empowered to bypass the ALJ’s factual exoneration on three of the five charges simply by reweighing the evidence and making contrary findings. Gross v. Dep’t of Health, 819 So.2d 997 (Fla. 5th DCA 2002); Brown v. Criminal Justice Standards & Training Comm’n, 667 So.2d 977 (Fla. 4th DCA 1996).
Even if proper notice had been given, an increase in the penalty would have been unauthorized and improper under the circumstances of this case. DBPR-DRE had never sought or recommended an eight-year suspension in the original proceedings. Nor had the subject of an eight-year suspension been raised at the original final hearing before FREC. Thus while we recognize the superior expertise and authority of an agency in fixing penalties within the authorized statutory range for disciplinary violations, we agree with licensee that the procedure for imposing administrative punishment must still comport with due process. See Chrysler v. Dep’t of Prof. Reg., 627 So.2d 31 (Fla. 1st DCA 1993) (denial of due process where licensee had no notice that additional allegations would be considered); Celaya v. Dep’t. of Prof. Reg., 560 So.2d 383 (Fla. 3d DCA 1990) (board violated physician’s due process rights by considering matters not charged in complaint).
The request of DBPR-DRE to return the case to FREC after the appeal had been filed was plainly nothing more than a recognition that the final order was subject to reversal on appeal because of FREC’s obvious reweighing of evidence to support its attempt to find licensee guilty on all counts in spite of the ALJ’s resolution to the contrary. Nothing in the motion for relinquishment indicated any purpose to have FREC reconsider the penalty with a view to increasing it.
It is simply beyond dispute that DBPR-DRE waived any attempt to impose a suspension of 8 years by declining to seek such a penalty in the original proceeding. To the contrary, the exceptions filed by DBPR-DRE specifically acknowledge and stipulate the severe hardship that even a one-year sentence would impose. Under these circumstances, we find a substantial violation of due process in FREC’s unilateral imposition of the maximum penalty possible during a relinquishment intended merely to correct its fact-finding errors in the original final hearing.
Moreover, the rule of DBPR-DRE setting forth its guidelines expressly allows the agency to stipulate to a penalty more lenient than the guidelines provide. Fla. Admin. Code R. 61J2-24.001. This is in keeping with the legislative policy behind the statutory requirement that minor violations be appropriately treated without the severity intended for violations endangering public welfare. See § 455.2273(2) Fla. Stat. (2006) (“it [is] the legislative intent that minor violations be distinguished from those which endanger the public health, safety, or welfare; ... that such penalties be consistently applied by the board.”). The licensee was exonerated of charges of culpable breach of trust, failure to deliver funds, and the failure to maintain funds properly. The guilty findings dealt solely with a second failure to prepare accounting records properly.
The DBPR-DRE guideline calling for an eight-year suspension applies to violations of section 475.25(1)(e). That statute authorizes a suspension not to exceed 10 years if the licensee “has violated any of the provisions of this chapter or any lawful order or rule made or issued under the provisions of this chapter or chapter 455.” *664 § 475.25(1)(e), Fla. Stat. (2006). In a statutory listing of some 20-odd possible violations by real estate brokers, that is a “catch-all” for any violation of a statute or rule — major or minor. FREC’s use of the “catch-all” provision in this instance threatens to make a “catch-all” provision swallow the other “catch-only”, more particularized, provisions when it comes to punishment. That would make the penalty guidelines largely meaningless. We are led by our comparable thinking in an analogous use of a “catch-all” in another circumstance:
“The drafters of the (Florida) [Evidence] Code felt that one of the chief reasons for the adoption of a code of evidence was to lend certainty and predictability to the law of evidence. The inclusion of a ‘wide-open’ or ‘catch-all’ exception to the hearsay rule, similar to the ones in the Federal Rules, would have negated this purpose.”
R.U. v. Dep’t of Children & Families, 782 So.2d 1024, 1025 (Fla. 4th DCA 2001).
Similarly, in this case FREC’s use of a “catch-all” may be authorized by section 475.25(1)(e), but the manner of its use would negate the purpose of section 455.2273(2) that penalties be imposed under a policy of distinguishing minor violations from more serious ones endangering the public. Although licensee was charged with violations theoretically endangering the public, she was exonerated of those charges and found guilty only of the comparatively minor violation charged under section 475.25(1)(e). Allowing FREC’s application of the 8-year guideline to the minor accounting violations is to permit administrative punishment for the more serious charges not proven. That, too, would both negate the policy of section 455.2273(2) and be contrary to due process.

Reversed with instructions to reinstate the 90-day suspension.

GUNTHER and STONE, JJ., concur.

. DBPR-DRE's administrative complaint alleged: (1) culpable negligence or breach of trust, under § 475.25(1)(b); (2) failure to account for or deliver funds, under § 475.25(1)(d)(1); (3) failure to maintain trust funds properly, under § 475.25(1)(1c); (4) failure to comply with an administrative rule requiring licensee to properly prepare monthly written escrow account reconciliations, under § 475.25(1)(e); and (5) being guilty of a second offense or conduct showing assets may not be safety entrusted to her, under § 475.25(1)(o).

. Counsel told FREC that DBPR-DRE had already filed a motion with this court seeking an extension of the period of relinquishment, which we in fact unknowingly granted shortly after the hearing was held.

. “Recognizing that a 1-year suspension may impose a severe hardship upon Respondent, [DBPR-DRE] requests a minimum of a ninety-day suspension with appropriate education plus a fine of $2,500 or more.”