CLARK, J.
Gregory Allen Johnson appeals his conviction, after jury verdict, of Lewd or Lascivious Conduct upon, and Lewd or Lascivious Exhibition in the presence of, a six year old girl. § 800.04(6) & (7), Fla. Stat. Because the record does not contain the required findings of fact, determinations of credibility, and specific ruling by the trial court on the admissibility of hearsay statements of the child victim, as required by section 90.808(23), Florida Statutes, the judgment is reversed and remanded for new trial.
The error in this case stemmed from the pre-trial proceedings. Upon the state’s filing of its initial notice under section 90.808(23), the predecessor judge entered an order but then rescinded it. That judge directed the state to file an amended notice and the parties agreed with the court that a hearing on the amended notice would take place. On May 12, 2010, the state filed its amended notice, specifying that it intended to offer the videotaped testimony of the child victim and the testimony of a therapist regarding statements made by the child victim during counseling. As the proponent of the evidence in question, it was incumbent upon the state to secure the statutory ruling as to its admissibility for the record. However, the record contains no indication that the hearing ever took place and contains no written or oral ruling on the amended notice. The parties proceeded to trial with a subsequent judge, and all labored under the mistaken belief that the original judge had deemed the state’s child hearsay evidence admissible.
The list of exhibits admitted into evidence does not indicate that the videotape was ever entered into evidence, but at trial, therapist Cheryl Carswell testified extensively about the child’s statements to her about the incident, over defense counsel’s renewed objection. In addition, witness Nicole Fryback of the Child Protection Team was also allowed to testify at trial about out-of-court statements the child made to her, over defense counsel’s objection to the “child hearsay.” No hearing or argument took place on the defense’s renewed objections and the trial court made no specific findings on the record specifying a basis for a determination by the court that the child victim’s statements were reliable, as required by section 90.803(23). No determination was made on the record at all, because counsel and the court all mistakenly assumed that a predecessor judge had ruled on the admissibility of the child’s out-of-court statements, when in fact, the judge had not.
While section 90.803(23) is not the exclusive method of admitting child/victim hearsay in abuse cases and other hearsay exceptions may also apply, Doe v. Broward County School Bd., 744 So.2d 1068 (Fla. 4th DCA 1999), no other hearsay exceptions were advanced by the state in this case. Due to the trial judge’s mistaken assumption that the child hearsay question had been determined prior to trial, which neither party realized was incorrect, the judge disposed of each objection by defense counsel by referring to the “previous ruling,” even though the only previous ruling on a 90.803(23) notice had been rescinded.
The error in admitting the two state witnesses’ testimony about what the child victim told them was preserved by the defense because even though he thought a ruling had previously been made, defense counsel renewed his objection to the hearsay at every opportunity during trial, and afterwards, in his motion *1126 for new trial. Given the mutual mistake by all the participants about the predecessor judge’s rulings, or absence thereof, the error here was not invited error. This is not a case where defense counsel “sandbagged” the judge into committing error he knew would result in automatic reversal. See Rosen v. State, 940 So.2d 1155, 1161 (Fla. 5th DCA 2006).
The error in allowing the witnesses to testify about the child’s out of court statements without complying with section 90.803(23) was not harmless error. The harmless error rule “places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable probability that the error contributed to the conviction.” State v. DiGuilio, 491 So.2d 1129, 1135 (Fla. 1986). Here, the child herself testified and was cross-examined by the defense. In addition, the child’s grandmother testified about the child’s demeanor and statements immediately after the incident. Because the child was the only eyewitness to the actions of the appellant, her credibility was critical to the state’s proof of the charges. The counselors’ testimony gave significant additional weight and credibility to the child’s testimony. As this court noted in Weatherford v. State, 561 So.2d 629, 633 (Fla. 1st DCA 1990), “[t]o treat this inadmissible hearsay as merely cumulative would ignore the reality of the effect of repeated assertions of a fact on the minds of the jurors.”
On remand, the trial court might very well determine that the evidence offered by the state is admissible after complying with the requirements of section 90.803(23). Nonetheless, the child hearsay evidence was clearly inadmissible without a definitive ruling on the defense’s objections thereto, under the procedures required by section 90.803(23) or some other statutory hearsay exception.
The conviction and sentence in case 2009 CF 002384 is reversed and the case is remanded for new trial.
DAVIS, and VAN NORTWICK, JJ., concur.