85 So.3d 1117 (2012)
Loyd BERTHIAUME, Appellant,
v.
B.S., a minor child by and through his next of friend, A.K., Mother, Appellee.
No. 1D11-4858.
District Court of Appeal of Florida, First District.
March 12, 2012.
Rehearing Denied May 1, 2012.
*1118 H.E. Ellis, Jr. of Staples, Ellis & Associates, P.A., Pensacola, for Appellant.
No appearance, for Appellee.
PER CURIAM.
Loyd Berthiaume appeals a final judgment of injunction for protection against sexual battery entered against him. Berthiaume asserts that the trial court erred in denying his motion to strike certain statements by B.S., a minor child, included in the sworn petition filed by A.K., the mother of B.S., seeking an injunction pursuant to section 784.046, Florida Statutes (2011). Because sections 784.046(2)(a) and (c), and (4)(a) expressly authorize the entry of an injunction based upon a petition of the type A.K. filed on behalf of B.S., we affirm.
Section 784.046 creates causes of action for an injunction for protection in cases of repeat violence, dating violence, and sexual violence. Subsection 784.046(2)(a) and (c) grants standing to a parent or legal guardian to seek an injunction to protect a minor child, as follows:
(a) Any person who is the victim of repeat violence or the parent or legal guardian of any minor child who is living at home and who seeks an injunction for protection against repeat violence on behalf of the minor child has standing in the circuit court to file a sworn petition for an injunction for protection against repeat violence.
* * *
(c) A person who is the victim of sexual violence or the parent or legal guardian of a minor child who is living at home who is the victim of sexual violence has standing in the circuit court to file a sworn petition for an injunction for protection against sexual violence on his or her own behalf or on behalf of the minor child if:
1. The person has reported the sexual violence to a law enforcement agency and is cooperating in any criminal proceeding against the respondent, regardless of whether criminal charges based on the sexual violence have been filed, reduced, or dismissed by the state attorney; or
2. The respondent who committed the sexual violence against the victim or minor child was sentenced to a term of imprisonment in state prison for the sexual violence and the respondent's term of imprisonment has expired or is due to expire within 90 days following the date the petition is filed.
Section 784.046(4)(a) sets forth the allegations required in a petition:
(4)(a) The sworn petition shall allege the incidents of repeat violence, sexual violence, or dating violence and shall include the specific facts and circumstances that form the basis upon which relief is sought. With respect to a minor child who is living at home, the parent or legal guardian seeking the protective injunction on behalf of the minor child must:
1. Have been an eyewitness to, or have direct physical evidence or affidavits from eyewitnesses of, the specific facts and circumstances that form the basis upon which relief is sought, if the party against whom the protective injunction is sought is also a parent, stepparent, or legal guardian of the minor child; or
2. Have reasonable cause to believe that the minor child is a victim of repeat sexual or dating violence to form the basis upon which relief is sought, if the party against whom the protective injunction is sought is a person other than a parent, stepparent, or legal guardian of the minor child.
*1119 On June 27, 2011, A.K. filed a petition on her son's behalf seeking an injunction against Berthiaume for protection against sexual violence. The petition set forth alleged acts of sexual violence by Berthiaume on B.S. The petition included statements that B.S. made to A.K. informing her of the sexually violent acts directed at B.S. by Berthiaume allegedly for a period of approximately three years.
A temporary restraining order was entered and a full hearing held on August 10, 2011. Counsel for appellant moved to strike the hearsay alleged in the petition arguing that, because the child was not present, the court could not make the required analysis under the hearsay exception, section 90.803(23), Florida Statutes (2011). At the conclusion of the hearing, the trial court expressed its belief that section 784.046 gives the custodial parent the right to make the allegations and found that there had been sufficient allegations in the petition confirmed by A.K. to warrant the injunction. The trial court entered the final judgment of injunction under review.
It is apparent from section 784.046 that the primary focus of sections 784.046(2)(a) and (c) and (4)(a) is the safety and welfare of a child victim of violence or sexual violence. These sections provide that, if the parent files a sworn petition and has reasonable cause to believe the minor child is a victim of sexual violence by a nonparent, the sworn petition is a presumptively sufficient basis for an injunction. It is undisputed in this record that A.K. had reasonable cause to believe B.S. was the victim of sexual violence, see section 784.046(4)(a), and that she is cooperating with law enforcement agencies. See § 784.046(2)(c)1.
We recognize that section 90.803(23) is followed in dependency proceedings, D.W.G. v. Department of Children and Families, 833 So.2d 238 (Fla. 4th DCA 2002), personal injury proceedings, Doe v. Broward County School Board, 744 So.2d 1068 (Fla. 4th DCA 1999), and criminal proceedings. See, e.g., Anderson v. State, 655 So.2d 1118 (Fla.1995). Nevertheless, section 784.046 is a clear expression by the legislature that, under the circumstances here, the parent's sworn petition is sufficient to support an injunction. In addition, here, appellant had the opportunity to introduce witnesses and cross-examine the complaining witness.
AFFIRMED.
VAN NORTWICK, LEWIS, and SWANSON, JJ., concur.