SWANSON, J.
In this appeal from his conviction for sexual battery on a child less than twelve years of age, appellant claims the trial court erred by (1) failing to make the required findings of reliability before admitting the child victim’s out-of-court statements at trial, and (2) failing to conduct an adequate inquiry before determining appellant waived his right to self-representation. We affirm as to the second claim without discussion. For the reasons that follow, we also affirm as to the first claim due to a lack of preservation.
Based on our review of the record, there is nothing to show that appellant objected to the admission of the child hearsay testimony before he filed his motion for new trial. In the absence of a contemporaneous objection, appellant failed to preserve his claim that the trial court failed to make the required findings of reliability under section 90.803(23), Florida Statutes (2010). Elwell v. State, 954 So.2d 104, 106 (Fla. 2d DCA 2007); Wykle v. State, 659 So.2d 1287, 1288-89 (Fla. 5th DCA 1995); see also McCloud v. State, 91 So.3d 940 (Fla. 1st DCA 2012).
Appellant asserts he could not object to the lack of findings because the trial court never ruled on the admissibility of the child hearsay testimony. He notes the trial court’s post-trial statement that it intended to make a ruling at a pretrial hearing on February 24, 2012, was not a substitute for an actual ruling. Even if this is true, appellant still was required to secure a ruling on the admissibility of the child hearsay testimony in order to preserve the issue for appeal. See § 924.051(l)(b), Fla. Stat. (2011) (defining “preserved” to mean that “an issue, legal argument, or objection to evidence was timely raised before, and ruled on by, the trial court, and that the issue, legal argument, or objection to evidence was sufficiently precise that it fairly apprised the trial court of the relief sought and the grounds therefor” (emphasis added)). Absent a definitive pretrial ruling, appellant was required to object to the admission of the child hearsay testimony at trial. Tolbert v. State, 922 So.2d 1013, 1017 (Fla. 5th DCA 2006). He could not remain silent on the trial court’s failure to rule on the admissibility of child hearsay testimony, allow the testimony to be presented at trial without objection, and then object to the admission of the testimony for the first time in a motion for new trial after an adverse verdict. See State v. Brockman, 827 So.2d 299, 303 (Fla. 1st DCA 2002) (holding that, absent fundamental error, the admissibility of evidence could not be raised in a motion for new trial where there was no contemporaneous objection at trial).
Contrary to appellant’s assertion, this case is distinguishable from Johnson v. State, 76 So.3d 1124 (Fla. 1st DCA 2012). In that case, we held defense counsel preserved a claim of error in the admission of child hearsay testimony, even though the parties erroneously believed a ruling had been made by a predecessor judge as to the admissibility of the evidence, where counsel renewed his objection to the hearsay testimony at every opportunity during trial and, afterwards, in his motion for new trial. Id. at 1125-26. Unlike in Johnson, appellant never objected to the hearsay testimony at trial. Therefore, we conclude appellant’s claim is not preserved for appeal.
AFFIRMED.
CLARK and ROWE, JJ., concur.